William B. Brennan, Jr., J.
The defendant seeks an order for the examination of the plaintiff, who was a passenger in an automobile driven by her husband when a collision occurred resulting in the injuries for which -she has sued the defendant. The defendant also seeks to examine the husband as a-witness.
With reference to the examination now sought of the plaintiff, the parties agree that a notice for her examination on June 14 or 16 was served. Plaintiff’s attorney asserts, and it is not disputed, that her examination was adjourned on consent to July 12, 1960, the very date this motion appeared on the calendar. The defendant, having elected to proceed for examination of the adverse party by notice under which examination was *79 still pending when this motion was made, the motion is necessarily denied. (Cf. Schriro v. Kennell, 223 App. Div. 786.) The defendant has ample remedies if the plaintiff fails to submit to or complete her examination under the notice.
The application to examine the plaintiff’s husband before trial as a witness is denied without prejudice to a renewal on a proper showing of special circumstances. That he is the husband of the plaintiff is not alone the test of either necessity for the examination or of the existence of special circumstances. Neither is the fact that he refused a statement to defendant’s investigators as to the accident. There is completely absent any evidence that the plaintiff herself cannot testify upon her examination as to the facts and circumstances of the accident. This case differs from Malagoli v. Bernstein (1 A D 2d 1042) which would otherwise he followed herein, in that there it was established that the party 6 6 himself has no recollection of the circumstances surrounding the accident, and Ms wife is apparently able to supply the information sought ’ The moving party seeks to meet his burden of showing special circumstances by alleging that plaintiff declined a statement to Ms investigators and, further, gave the defendant’s examining physician no details of how the accident happened. She was under no duty to do either; her failure to do what she was not required to do is not a special circumstance.