Per Curiam.

Order unanimously modified by permitting the examination of defendant Potter as a party and a witness without prejudice to an application to the trial court to use the deposition for all purposes pursuant to CPLR 3117 (subd. [a], par. 3). As so modified, order affirmed, without costs.
As to her codefendant, defendant Potter is a witness (Nixon v. Beacon Transp. Corp., 239 App. Div. 830, 831; Napier v. Bossard, 102 F. 2d 467, 468). Plaintiffs would be entitled to an examination of said party as a witness “where the court on motion determines that there are adequate special circumstances ” (CPLR 3101, subd. [a], par. 4). Since plaintiffs *670 claimed to be without knowledge of the manner in which the collision occurred and the driver of the codefendant’s vehicle is deceased, special circumstances sufficient to warrant the examination were demonstrated on the motion. No prejudice can result from the granting of such a motion (Kapp Records v. Hyland, 19 A D 2d 611) inasmuch as the use of the deposition will be governed by CPLR 3117 (subd. [a], par. 3).
Concur — DiGiovanna, Gulotta and Brenner, JJ.
Order modified, etc.