Marshall E. Livingston, J.
Defendant moves pursuant to CPLR 3101 (subd. [a], par. [4]), to compel a witness to comply with a subpoena served pursuant to subdivision (b) of CPLR 3106 and to be examined before trial by the defendant’s attorney.
The action arose by reason of an accident which occurred on March 7, 1968, when a seven-year-old pedestrian was struck by an automobile owned and operated by the defendant. The infant’s action is brought by his father individually and as natural guardian. The name of Alma J. Mull, the mother and wife of the plaintiffs, appears on the sheriff’s report as a witness to the accident. She is the person sought to be examined by the defendant.
In May, 1969 the testimony of the defendant was taken at the office of plaintiffs’ attorney. The testimony of the father, who was not a witness to the accident, was also taken. Plaintiffs’ attorney at that time refused to allow the testimony of the infant plaintiff to be taken. This is proper and is a question for the trial court to determine (see Richardson, Evidence [9th ed.], pp. 403-406).
*223 Mrs. Mull was also present at the examination, and although defendant requested, plaintiffs’ attorney refused to allow her to be examined.
Thereafter defendant subpoenaed Mrs. Mull to testify at an examination before trial, pursuant to subdivision (b) of CPLR 3106, and she later appeared with her husband in response to the subpoena. Again plaintiffs’ attorney refused to allow Mrs. Mull to testify.
Thus this motion raises the question of whether there are present here “ adequate special circumstances” for me to determine that Mrs. Mull should be examined.
Defendant’s motion to compel Mrs. Mull to testify should be granted for these reasons:
1. By reason of the age of the infant plaintiff, the defendant may not examine him until his competency to testify is passed on by a trial court.
2. It is reasonable to infer from the sheriff’s report that Mrs. Mull was an eyewitness to the accident. This was defendant’s claim on the motion, and it was not denied by the plaintiffs.
3. On two occasions Mrs. Mull was present at examinations before trial, and although only a witness, she followed the directions of the plaintiffs’ attorney, who refused to permit her to testify.
4. There can be no question but that if Mrs. Mull is an eyewitness, her testimony is “material and necessary ” in the defense of this action. Proper preparation for the defense of this or any other case should require that the defendant have whatever information is available relating to the happening of the accident. Defending oneself does not always mean relief from liability. It may include compromise and settlement, and therefore, a defendant must know as much as possible about Avhat claims will be made by the plaintiff on the trial. This is as applicable to a plaintiff as it is to a defendant.
More than 20 years ago, Judge Peck said: “ There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought ” (Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 13-14).
In that case a motion was made by a defendant to examine plaintiff. The plaintiff claimed because it had the burden of proof on a certain issue, an examination should not be allowed to one having the negative side of that issue. In other words, the question was whether an examination should be denied a defendant who did not have the burden of proof on the issue on which it sought to examine.
*224 Thus the sentence quoted above, although in connection with a different type of case, nevertheless, highlights a principle to be followed here.
Mrs. Mull may reasonably be expected to be a reluctant, and probably hostile, witness who has a special, if not exclusive, knowledge of the happening of this accident (cf. McDonald v. Gore Mt. Ski Lift Corp., 30 A D 2d 931). However, no prejudice can result from the granting of this motion because the manner in which the testimony may be used by any parly will be prescribed by CPLR 3117 (Richard v. New York City Tr. Auth., 47 Misc 2d 669).
For the .reasons discussed above, the defendant’s motion Is granted (Southbridge Finishing Co. v. Golding, 2 A D 2d 430; Posner v. Morgenstern, 19 A D 2d 831; Matter of Mellion, 58 Misc 2d 441; Baez v. Board of Educ. of Bedford Cent. School Dist. No. 2, 60 Misc 2d 270; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.31).