James H. Boomer, J.
Defendants move to examine before trial a person who is not a party to this action. The motion may be granted if the court “ determines that there are adequate special circumstances.” (CPLR 3101 subd. [a], par. [4].)
The plaintiff, a passenger in an automobile owned and driven by her husband, was injured when the husband’s automobile collided with the defendants’ automobile. The person whose examination is sought is the husband of the plaintiff. Plaintiff’s attorney, in opposition to the motion, cites Risi v. Ackerley (24 Misc 2d 78) which holds that the above facts do not constitute “ adequate special circumstances ” to permit the .examinar tion of the husband as a nonparty witness. I disagree and determine that such facts do constitute “ adequate special circumstances ”.
‘ ‘ The disclosure provisions of article 31 of the Civil Practice Law and Rules were intended to enlarge the permissible use of pretrial procedure. The purpose of disclosure procedures is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits.” (Rios v. Donovan, 21 A D 2d 409, 411, cited with approval in Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 407.) “ The purpose of examinations before trial, like the trial itself, is to get out the facts. As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure in facilitating preparation and expediting the trial.’’ (Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 13, cited with approval in Southbridge Finishing Co. v. Golding, 2 A D 2d 430, 434.)
*35 Recent decisions “ have permitted the examination of witnesses who, although not unavailable, are likely to be reluctant, unwilling, or hostile to the party seeking the examination.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.31, p. 31-44 ; see also, First Nat. City Bank v. Valentine, 61 Misc 2d 554 ; McDonald v. Gore Mt. Ski Lift Corp., 30 A D 2d 931 ; Ortner v. Bankers Life Ins. Soc., 17 A D 2d 325, 326.) It would be naive to suppose that the plaintiff’s husband, in this case, would co-operate with the defendants (United States Life Ins. Co. v. Arenstein, 24 A D 2d 978). Since the witness to be examined is the husband of the plaintiff, he “ is likely to be an unfriendly, if not hostile, witness ” to the defendants (Malagoli v. Bernstein, 1 A D 2d 1042). “ Reason dictates the test to be applied should be the assumed reluctance, unwillingness and hostility of the person sought to be examined along with the key position occupied by such witness with respect to the information sought ” (Ortner v. Bankers Life Ins. Soc., 17 A D 2d 325, 326, supra). The husband can be assumed to be hostile and, from his participation in the accident as a driver of one of the colliding automobles, it can be inferred that he occupies a key position with respect to the facts in issue.
In Mull v. Streaker (60 Misc 2d 222) the court permitted the examination, as a nonparty witness, of a mother who was an eyewitness when her infant child, a pedestrian, was struck by defendant’s automobile. Although one of the special circumstances in that case was that the infant could not be examined before trial, the court did state (p. 223): “ Proper preparation for the defense of this or any other case should require that the defendant have whatever information is available relating to the happening of the accident. Defending oneself does not always mean relief from liability. It may include compromise and settlement, and therefore, a defendant must know as much as possible about what claims will be made by the plaintiff on the trial.”
In Malagoli v. Bernstein (1 A D 2d 1042, supra) the court permitted the examination of the plaintiff’s wife as a witness since the wife was " likely to be an unfriendly, if not hostile, witness ”. While it also appeared in the Malagoli case that the plaintiff had “ no recollection of the circumstances surrounding the accident ”, I do not feel that it is necessary, in this case, to show that the plaintiff cannot testify to the facts concerning the accident. In view of the purpose of disclosure procedures to ascertain truth and accelerate the disposition of suits, the defendants here should be permitted, in advance of trial, to *36 learn all of the facts of the plaintiff’s claim. If the husband were to give the same testimony as the plaintiff, of course the examination of the husband, as a nonparty witness, would not be necessary. But we cannot know this in advance of the trial or in advance of an examination before trial of both the husband and the wife. Nonparty witnesses should not be examined without sufficient reason lest such witnesses be harassed or subjected to unnecessary inconvenience. In many instances, therefore, it may be proper to deny the motion to examine a nonparty witness until it is shown, after an examination before trial of a party, that the party examined cannot supply the material facts sought. But where the person to be examined is the spouse of a party and is a key witness who can be expected to testify at the trial for the party spouse, it is no imposition to require the nonparty spouse to be examined before trial. And it would tend to expedite, rather than to delay, the lawsuit if both the party and the nonparty spouse were examined at the same time.
Since the argument of this motion, defendants’ attorney has submitted the transcript of the examination before trial of the plaintiff and it appears from this transcript that the plaintiff was not able to testify to all of the facts concerning the accident, since she did not see the defendants’ automobile before the accident. This creates an additional special circumstance authorizing the examination of the husband (Malagoli v. Bernstein, 1 A D 2d 1042, supra).
The motion is granted.