■ CAROL PFEFFER, an Infant, by Her Father and Natural Guardian, GEORGE PFEFFER, Appellant, v MAIMONIDES MEDICAL CENTER et al., Defendants, and HOWARD WEINSTEIN, Respondent. — In a medical malpractice action, plaintiff appeals from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), entered February 5, 1982, which is in favor of defendant Weinstein, upon a jury verdict. Judgment reversed, as a matter of discretion, and a new trial granted to plaintiff against defendant Weinstein, with costs to abìde the event. At the end of the trial, the parties waived the marshaling of the evidence by the trial court. Thereafter, the court examined and ruled on the parties' requests to charge. In our view, those requests, some of which were actually in the form of interrogatories, demonstrated a desire by the parties that the evidence be referred to in the charge. In view of the complex nature of this case and the parties' requests to charge, the court should have marshaled the evidence. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.

■ JOHN PREMA, Respondent, v CHESTER MALESZKA, Defendant, and FRANCES WAZETER, Appellant. — In a negligence action to recover damages for personal injuries, defendant Frances Wazeter appeals from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.), dated July 12, 1982, as denied those branches of her motion which sought (1) to vacate the note of issue and statement of readiness and to strike the case from the Trial Calendar, and (2) leave to depose Alexander Prema, a nonparty witness. Order reversed, insofar as appealed from, with costs, and those branches of appellant's motion which sought leave to depose Alexander Prema, and to vacate the note of issue and statement of readiness and to strike the matter from the Trial Calendar are granted. It is our opinion that Alexander Prema may be in exclusive possession of facts and information which bear directly upon the ability of the appellant to adequately prepare her defense in this matter. He is the plaintiff's brother. He resided with the plaintiff prior to, during and after the accident alleged herein, including the 41-day period immediately following the alleged accident during which plaintiff did not seek medical aid, and he presumably has knowledge of plaintiff's pre-existing epileptic condition and a hip injury which plaintiff incurred prior to the accident. These factors constitute special circumstances warranting a deposition of Alexander Prema as a nonparty witness because it appears that he is exclusively in possession of information which is material and necessary to appellant's defense (CPLR 3101, subd [a], par [4]). The note of issue should be vacated and the matter should be stricken from the Trial Calendar, since it will not be ready to be tried until disclosure has been completed (see 22 NYCRR 675.4 [a], [b]). Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.