■ J. BRUCE FORBUSH, Respondent, v DIANNE W. FORBUSH, Appellant. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, with costs to defendant, in accordance with the following memorandum: The order of May 18, 1983 is modified by (1) striking the sum of $1,000 for accounting fees in the third decretal paragraph and substituting therefor an award of $14,235.15; (2) striking so much of the fifth decretal paragraph as

denies defendant's motion for appraisal fees and substituting an award for appraisal fees in the amount of $4,500; (3) striking so much of the seventh decretal paragraph as orders that plaintiff need not respond to items Nos. 8 and 13 of defendant's notice of discovery and inspection dated March 19, 1983. The Equitable Distribution Law (Domestic Relations Law, § 236, part B) has wrought "profound changes * * * in the standards which govern the division of property upon the dissolution of a marriage" (*Avery v Avery,* 89 AD2d 633). In evaluating the marital estate, the court is often confronted with complex and obscure financial problems. We agree with the statements in *Roussos v Roussos* (106 Misc 2d 583, 585, 584-585) that, "The entire financial history of the marriage must be open for inspection by both parties" and "[B]oth parties are now entitled to a searching exploration of each other's assets and dealings at the time of and during the marriage, so as to delineate the extent of 'marital property', distinguish it from 'separate property', uncover hidden assets of 'marital property', discover possible waste of 'marital property', and in general gain any information which may bear on the issue of equitable distribution" (see, also, *Fox v Fox,* 96 AD2d 571, and cases cited therein). "The expertise of appraisers and actuaries in cases such as this can be as necessary as medical expertise [citation omitted] or investigative expertise [citation omitted] in presenting both sides of the issues to the court or in assisting the parties in coming to an agreement on distribution" (*Heber v Heber,* 112 Misc 2d 799, 801). In view of the conflicting factual presentations of the parties here with respect to the marital assets, we deem it essential that defendant be permitted to employ the requested services of her accountant and appraisers (see *Ahern v Ahern,* 94 AD2d 53; *Litman v Litman,* 93 AD2d 695). For the same reasons, defendant is entitled to the records regarding the nature of the loan transaction between plaintiff and his father and uncle by means of which plaintiff acquired their interests in the various businesses and is further entitled to any real estate surveys of the properties owned by plaintiff's companies which are in his possession. (Appeal from order of Supreme Court, Erie County, Mintz, J. — protective order.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.