■ ELAINE K. PERSONALE, Individually and as Administratrix of the Estate of MICHAEL A. PERSONALE, DECEASED, Appellant, v KARL HIXON, Respondent, et al., Defendants. — Order, insofar as appealed from, unanimously reversed, without costs, and plaintiff's motion to depose Frances Hixon granted. Memorandum: Plaintiff's decedent died from injuries received in an auto accident which occurred in January, 1981. Decedent's car struck the rear of a car driven by defendant Joanne Hasseltine which had stalled in front of it. Decedent's car was subsequently struck from behind by a truck driven by defendant Karl Hixon. Kathy Hasseltine was the only passenger in the first car and Frances Hixon was the only passenger in the truck. ¶ At a hearing held in May, 1981 Joanne Hasseltine and Karl and Frances Hixon testified concerning the events leading up to the accident; Karl Hixon's testimony was detailed. At an examination before trial held in February, 1983, Hixon stated that he could not remember what happened other than moving over to the middle of the front seat to improve his visibility and then going limp. After plaintiff sought an examination before trial of Frances Hixon, defendant Hixon moved for a protective order denying plaintiff the right to proceed. Plaintiff then cross-moved for an order compelling Frances Hixon and Kathy Hasseltine to submit to oral depositions. Special Term granted Hixon's motion for a protective order, denied plaintiff's request to depose Frances Hixon, and granted plaintiff's request to depose Kathy Hasseltine. Plaintiff appeals from that portion of the order granting Hixon's motion for a protective order and denying her motion to compel Frances Hixon to submit to an oral deposition. ¶ Special Term erred in denying plaintiff's request to depose Frances Hixon. A nonparty witness may be deposed where the evidence sought is material and necessary and the court determines there are "adequate special circumstances" (CPLR 3101, subd [a], par [4]). The purpose of this section is to enable a party to adequately prepare for trial without having to "conjecture what such witness will say at the trial" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22, p 26). The courts have broadly construed the term "special circumstances" (see, e.g., *Kenford Co. v County of Erie,* 41 AD2d 586) and have found them to exist where the nonparty witness is hostile to the party seeking disclosure (*Dimicelli v Marcellette,* 66 Misc 2d 34) or possesses unique information (see, e.g., *Prema v Maleszka,* 95 AD2d 850; *Wolfe v Fazzini,* 50 AD2d 723).

(Appeal from order of Supreme Court, Ontario County, Siracuse, J. — protective order.) Present — Dillon, P. J., Hancock, Jr., Callahan, O'Donnell and Moule, JJ.