■ RUTH B. ROSENBERG, Respondent, v ALLEN P. ROSENBERG, Appellant. NIXON, HARGRAVE, DEVANS & DOYLE, Respondent.—Order unanimously modified, on the law, and, as modified, affirmed, with costs to defendant, in accordance with the following memorandum: In this matrimonial action defendant husband seeks disclosure of information pertaining to plaintiff wife's partnership interest in a law firm. Special Term properly ruled that the partnership agreement will provide defendant with the necessary information to value plaintiff's interest in the firm for equitable distribution purposes *(see, Lee v Lee,* 93 AD2d 221, 226; *Cherno v Cherno,* 118 Misc 2d 950). Defendant has failed to show that the remainder of the information he demanded was material and necessary *(Kaye v Kaye,* 102 AD2d 682, 690). Defendant has also failed to show that the information sought is exclusively in the firm's possession, therefore warranting disclosure from a nonparty *(Prema v Maleszka,* 95 AD2d 850; *see also,* CPLR 3101 [a] [4]).

Special Term, however, erred in limiting the production of plaintiff's K-1 forms to the years 1983 and 1984 and requiring disclosure of percentage interest in the firm only for the years 1983 to 1985. For purposes of equitable distribution, the entire financial history of the marriage is relevant *(Forbush v For-*

*bush,* 97 AD2d 945). Therefore, the order is modified to grant defendant's request for disclosure of plaintiff's K-1 forms for the period 1979 through 1982 and the records showing plaintiff's percentage interest in the firm. (Appeal from order of Supreme Court, Monroe County, Dugan, J.—discovery.) Present—Callahan, J. P., Doerr, Denman, Green and O'Donnell, JJ.