OPINION OF THE COURT
Per Curiam.
The only issue before the court in this divorce action is the value, for equitable distribution purposes, of defendant’s 15% stock interest in Capitol Electrical Supply Co., Inc., a closely held corporation. Defendant acquired the stock in 1980 for $87,500 pursuant to the terms of a shareholder’s agreement *7 which provides that if defendant seeks to sell his stock within 20 years, the other shareholders may exercise a right of first refusal and purchase his shares for the price paid. The agreement also provides that if defendant dies within its 20-year term, the surviving stockholders can acquire his interest for $87,500. After a trial the court concluded that the stock was worth $87,500 and the Appellate Division affirmed.
There is no uniform rule for valuing stock in closely held corporations. "One tailored to the particular case must be found, and that can be done only after a discriminating consideration of all information bearing upon an enlightened prediction of the future” (Snyder’s Estate v United States, 285 F2d 857, 861). The Internal Revenue Service has declared that appropriate factors to be considered in valuing such stock for tax purposes include: (1) the nature and history of the business, (2) its particular economic outlook and that of its industry generally, (3) the book value of the stock and the financial condition of the business, (4) the company’s earning capacity, (5) its dividend paying capacity, (6) its goodwill and other intangible assets, (7) other sales of the corporation’s stock, and (8) the market price of stock of comparable corporations (Rev Rui 59-60, IRS Cum Bull 1959-1, at 237).
The Internal Revenue Service’s formulation is not the only method of valuing stock in a closely held corporation, but it has been recognized by authors and applied by appellate courts and was one of the two methods used by plaintiff’s expert witness in this case (see, Matter of Blake v Blake Agency, 107 AD2d 139, 146-147, lv denied 65 NY2d 609; Kaye v Kaye, 102 AD2d 682, 687; 3 Foster, Freed and Brandes, Law and the Family, New York § 15:2, at 644-645 [2d ed 1986]; Golden, Equitable Distribution of Property §§ 7.08-7.09, at 215-219 [1983]; 11C Zett-Kaufman-Kraut, NY Civ Prac, Equitable Distribution Actions § 69.04 [3], [4], at 69-26 — 69-44). Whatever method is used, however, must take into consideration inhibitions on the transfer of the corporate interest resulting from a limited market or contractual provisions (see, 3 Foster, Law and the Family, op. cit., at 645; 11C Zett, NY Civ Prac, op. cit., at 69-25, 69-46 — 69-48; cf., Matter of Blake v Blake Agency, supra, at 149). If transfer of the stock of a closely held corporation is restricted by a bona fide buy-sell agreement which predates the marital discord, the price fixed by the agreement, although not conclusive, is a factor which should be considered (see, Kaye v Kaye, 102 AD2d 682, 687, supra; Bowen v Bowen, 96 NJ 36, 473 A2d 73; Rev Rul 59-60, § 8; cf., *8 Stern v Stern, 66 NJ 340, 331 A2d 257). The decisions below, however, could be read as indicating that the courts found the price fixed in the agreement controlling because under the agreement the stock was not currently transferable. That the stock could not immediately be sold is not dispositive; marital property may have a value to the holder notwithstanding that it has no present market value (see, O’Brien v O’Brien, 66 NY2d 576, 586-587 [value of professional license]; Majauskas v Majauskas, 61 NY2d 481 [value of vested but unmatured pension]; see also, 11C Zett, NY Civ Prac, op. cit. § 69.04 [1], at 69-24 — 69-25). The court must consider all the circumstances reflecting on the present worth of the property to the titleholder. It need not rely solely on the price set forth in a buy-sell agreement if other evidence exists.
In this case plaintiffs expert witness, using two different methods of appraisal, testified that the value of defendant’s stock was between $172,000 and $253,000. His first method computed the value of the stock by dividing the corporation’s estimated shareholder equity by defendant’s 15% interest in the corporation. The other valued the corporation, and defendant’s stock interest in it, by applying the guidelines for valuing close corporations set forth in Revenue Ruling 59-60. However, the witness did not consider the stock transfer restrictions contained in the shareholders’ agreement in either method. That being so, the courts properly determined defendant’s stock was worth $87,500, the price contained in the shareholders’ agreement, because that was the only evidence in the record of its actual value.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order affirmed, with costs.