■ THOMAS G. DIGNAN, Respondent, v JEAN C. DIGNAN, Respondent-Appellant. NIXON, HARGRAVE, DEVANS & DOYLE, Nonparty Appellant-Respondent.—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this matrimonial action defendant wife seeks disclosure of certain information pertaining to plaintiff husband's partnership interest in a law firm. Supreme Court directed the nonparty law firm to disclose to defendant its Federal and State partnership tax returns. That was error. The partnership agreement will provide defendant with the necessary information to value plaintiff's partnership interest in the law firm for equitable distribution purposes (see, Rosenberg v Rosenberg, 119 AD2d 997). Supreme Court properly denied disclosure of the partnership's balance sheets and profit and loss statements (enumerated in paras 1 and 2 of the "addendum" to the judicial subpoena duces tecum and personal judicial subpoena [judicial subpoena]) as they are not material and necessary in valuing plaintiff's partnership interest in the law firm (see, Partnership Law § 40; Lanier v Bowdoin, 282 NY 32, rearg denied 282 NY 611). In our view, the holding in Amodio v Amodio (70 NY2d 5) is inapplicable

to the facts of the case before us because *Amodio* dealt with the valuation of stock in a closely held corporation where little, if any, stock is traded. Further, *Stern v Stern* (66 NJ 340, 331 A2d 257), cited by defendant, is factually distinguishable. Moreover, Revenue Rulings 59-60 and 68-609, upon which defendant relies, are inapplicable because those rulings relate to the establishment of the fair market value of business interests for tax purposes. Here, it would not be material and necessary to consider the fair market value of plaintiff's partnership interest because the partnership agreement limits his share to its stated value, namely, the amount in his capital account.

Finally, we do not address the propriety of the court's order directing disclosure of information, documents and records contained in paragraph styled "4" of the addendum to the judicial subpoena inasmuch as the law firm did not brief this issue and further indicated in its brief that it appealed only from that portion of the order which directed disclosure of its partnership tax returns (*Hutzel v United States Aviation Underwriters*, 132 AD2d 45, *lv denied* 71 NY2d 804; *Lamphear v State of New York*, 91 AD2d 791).

All concur, except Denman and Pine, JJ., who dissent and vote to modify the order, in the following memorandum.

Denman and Pine, JJ. (dissenting). We respectfully dissent in part. Defendant sought disclosure of four categories of financial records from the law firm of which her husband is a partner: balance sheets, profit and loss statements, Federal and State partnership tax returns and documents relating to plaintiff. The nonparty law firm moved to quash the subpoena in respect to the first three categories. We agree with the majority that Supreme Court erred in directing the nonparty law firm to disclose the partnership tax returns but for a different reason from that relied on by the majority. Further, we disagree with the majority with respect to the balance sheets and profit and loss statements. Thus, we would modify the order to grant the law firm's motion to quash paragraph 3 of the addendum to the subpoena dated April 19, 1988, but would deny the motion with respect to paragraphs 1 and 2.

In support of its motion to quash, the law firm argued, by affidavits of plaintiff, of another partner, and of a certified public accountant, that the partnership agreement defined the interest of plaintiff in the firm as the amount in his capital account and that financial records of the firm in the disputed categories were not relevant to the valuation of plaintiff's

interest for equitable distribution purposes, citing *Rosenberg v Rosenberg* (119 AD2d 997). Defendant responded with the affidavit of her expert, also a certified public accountant, who disagreed and opined that the partnership agreement limiting plaintiff's interest to his capital account is but one factor to consider in arriving at the value of plaintiff's interest in the partnership as a going concern. He explained why he needed two categories of the challenged records, the balance sheets and the profit and loss statements, relying on Revenue Rulings 59-60 and 68-609 and *Amodio v Amodio* (70 NY2d 5). He provided no explanation regarding the third category, Federal and State partnership tax returns.

It is beyond cavil that the words "material and necessary" in CPLR 3101 (a) are to be liberally construed and that they require disclosure of any facts bearing on the controversy which will assist in preparation for trial by sharpening the issues and reducing delay *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Discovery extends to information calculated to lead to relevant evidence (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.04). Defendant is entitled to full disclosure of such evidence from a nonparty upon notice stating the reasons such disclosure is sought (CPLR 3101 [a] [4]).

In light of *Amodio v Amodio (supra),* there is no question that defendant has made an adequate showing to entitle her to the balance sheets and profit and loss statements. *Amodio* concerned the valuation of an interest in a closely held corporation for equitable distribution purposes. The court said that "If transfer of the stock of a closely held corporation is restricted by a bona fide buy-sell agreement which predates the marital discord, the price fixed by the agreement, although not conclusive, is a factor which should be considered *(see, Kaye v Kaye,* 102 AD2d 682, 687; *supra; Bowen v Bowen,* 96 NJ 36, 473 A2d 73; Rev Rul 59-60, § 8; *cf., Stern v Stern,* 66 NJ 340, 331 A2d 257)" *(Amodio v Amodio, supra,* at 7-8). The Court of Appeals relied in part on Revenue Ruling 59-60 and referred with apparent approval to *Stern v Stern (supra),* a New Jersey equitable distribution case. *Stern* involved valuation of an interest in a law partnership affected by a partnership agreement. That court said that the terms of the agreement are helpful but, in addition, discussed the other factors relevant to valuing a partner's interest. Revenue Ruling 59-60, made applicable to partnerships in Revenue Ruling 68-609, specifically refers to balance sheets and profit and loss statements as providing information useful in valuation. Because defendant's accountant, the revenue rulings, and *Stern* fail to

address partnership income tax returns, we find no basis in the record for their disclosure *(see, Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830).

The spouse of a partner should have the same opportunity to attempt to challenge the valuation of a partnership interest agreed to by the partner as the spouse of a shareholder in a closely held corporation has to attempt to challenge the value of stock covered by a valid buy-sell agreement. There is no assurance that such effort will succeed, but ultimate success is not the issue. It in fact did not succeed in *Amodio (supra)* because the other opinions of value for which testimony was offered failed to take into account the effect of the agreement. To the extent that *Rosenberg v Rosenberg* (145 AD2d 916, 919, *lv denied* 74 NY2d 603) provides otherwise, it is expressly limited to its particular facts. The statement in *Rosenberg (supra,* at 919) that the spouse is entitled to no greater rights in the partnership for equitable distribution purposes than the partner is entitled to by virtue of the partnership agreement is correct only if viewed as though the partner-spouse is terminating his partnership interest, thus giving effect to the agreement. As long as the partner has an interest in the partnership as a going concern, the valuation of that interest cannot be so limited. (Appeals from order of Supreme Court, Monroe County, Wesley, J.—discovery.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.