Rivard v Rivard (2006 NY Slip Op 50767(U))

[*1]

Rivard v Rivard

2006 NY Slip Op 50767(U) [11 Misc 3d 1088(A)]

Decided on April 24, 2006

Family Court, Monroe County

O'Connor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 24, 2006

Family Court, Monroe County
Patricia M. Rivard, Petitioner,
against
William D. Rivard, Respondent.
F 1O411-05

Patricia M. Rivard by and with Kristine M. Demo-Vazquez, Esq. (pro se on objection)
Alexander Rivard by and with John T. Harris, Esq. (hearing only)

Marilyn L. O'Connor, J.
Patricia M. Rivard filed her objection to the Order of the Support Magistrate dated January 20, 2005 and entered January 25, 2005. No rebuttal was filed. This matter was settled, so no hearing was held. Petitioner objected to the fact that medical costs, uninsured medical expenses and day care expenses were left entirely as her responsibility, and that she did not know she was entitled to payment for those in addition to the $100 per week child support which was negotiated. Actually, what was negotiated was $75 per week plus a lump sum on or about May 1 of each year, to make up for the additional $25 per week which was the presumptively correct amount. The order signed says that the parties agreed to an amount different from the basic child support obligation, and portends to give the reasons therefore, but it actually only recites the factors which could be considered and does not give any relevant facts with respect to these parties and those factors.
Normally, no appeal lies from a stipulated order. After reviewing the file, this court remands the matter to the support magistrate because the compulsory financial disclosure statute, section 424-a of the Family Court Act, was not satisfied, and because the court retains discretion with respect to child support which is stipulated and deviates from the presumptively correct amount of basic child support (Family Court Act, § 413[1][h]). Without financial disclosure, the court has no facts upon which to exercise its discretion. Furthermore, without sworn financial disclosure, the parties have inadequate information on which to base their settlement. Financial disclosure is the bedrock of child support determinations. Thus, its mandatory nature. Without [*2]it, assets and income could be hidden and the short-changed party would have a much more difficult time establishing fraud and getting a de novo determination in the event that it becomes apparent that child support was set too low. (Cf. Pechman v Pechman, 303 AD2d 479 (2d Dept 2003), Silverman v Silverman, 219 AD2d 550 [1st Dept 1995]), Avery v Avery, 101 AD2d 900 [3d Dept 1984], Forbush v Forbush, 97 AD2d 945 [4th Dept 1983], all on the mandatory nature of financial disclosure in matrimonial cases).
Although both parties appeared, neither filed the mandatory sworn statement of net worth. Section 424-a provides:
&
secmk; 424-a. Compulsory financial disclosure

Except as provided herein:

(a) in all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states, provided, however, that this requirement shall not apply to a social services official who is a party in any support proceeding under this act. No showing of special circumstances shall be required before such disclosure is ordered and such disclosure may not be waived by either party or by the court. A sworn statement of net worth shall be filed with the clerk of the court on a date to be fixed by the court, no later than ten days after the return date of the petition. As used in this part, the term "net worth" shall mean the amount by which total assets including income exceed total liabilities including fixed financial obligations. It shall include all income and assets of whatsoever kind and nature and wherever situated and shall include a list of all assets transferred in any manner during the preceding three years, or the length of the marriage, whichever is shorter. . . . All such sworn statements of net worth shall be accompanied by a current and representative paycheck stub and the most recently filed state and federal income tax returns including a copy of the W-2(s) wage and tax statement(s) submitted with the returns. In addition, both parties shall provide information relating to any and all group health plans available to them for the provision of care or other medical benefits by insurance or otherwise for the benefit of the child or children for whom support is sought. . . .
* * * * *
(c) when a petitioner other than a social services official fails, without good cause to file a sworn statement of net worth, a current and representative paycheck stub and the most recently filed state and federal income tax returns, as provided in subdivision (a) of this section, the court may on its own motion or upon application of any party adjourn such proceeding until such time as the petitioner files with the court such statements and tax returns. The provisions of this subdivision shall not apply to proceedings establishing temporary support or proceedings for the enforcement of a support order or support provision of a separation agreement or stipulation.
(Emphasis added.)
In the case at bar, there was no good reason for the failure of either party to file net worth statements and thus provide the Support Magistrate and court, with a much more complete set of sworn facts on which to exercise discretion as to whether the stipulated amount is acceptable. Furthermore, in reviewing this matter on remand, the court observes and the Support Magistrate [*3]should take into consideration the requirement under section 413[1][c][4] of the Family Court Act that makes prorating of child support expenses mandatory. That section states,
(4) where the custodial parent is working . . . and incurs child care expenses as a result thereof, the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income. Each parent's pro rata share of the child care expenses shall be separately stated and added to the sum of subparagraphs two and three of this paragraph.
Similarly, section 413(1)(c)(5) requires that the court shall prorate future reasonable health care expenses not covered by insurance. A review of the hearing indicates that child care and health care expenses were not even a part of the stipulation until the Support Magistrate raised them. At that point, there was not even any disclosure as to what the child care expenses were because there was no testimony, no statement of fact, and no financial disclosure. The Support Magistrate stated that with Child Health Plus in essence "uncovereds" would be minimal, and no one disagreed but he should not be providing evidence.
In her objection, the custodial parent indicates day care is $8,890 annually. This is significant. If that is and was true at the time of the stipulation, it is highly unlikely that the Support Magistrate would have approved a settlement requiring the mother, who reportedly earned approximately $27,000 compared to an imputed and therefore questionable adjusted gross income of $30,000 for the self-employed non-custodial parent (a contractor), to pay the entire day care expense. It appears likely that the stipulation allegedly reached is unconscionable, based on the little information before the court though it could be that financial disclosure will reveal that it is indeed fair for some reasons not now apparent.
For the reasons set forth above, the order is vacated and the matter is remanded to the Support Magistrate for a hearing and further proceedings after the receipt from both parents of the required sworn net worth statements with necessary attachments.
NOW THEREFORE, for the reasons set forth above, it is
ORDERED that the objection is sustained; and it is further
ORDERED that this case is remanded to the Support Magistrate for the purpose of obtaining full financial disclosure from both parties, including representative paycheck stubs and required federal and state tax returns, and it is further
ORDERED that the Support Magistrate shall determine whether the child support stipulation is reasonable and should be approved as a matter of judicial discretion in light of the full financial disclosure of the parties, the deviation regarding basic child support, and the lack of a pro rata division of day care expenses and other add-ons; and it is further
ORDERED that if the Support Magistrate cannot find that the settlement should be approved as a matter of judicial discretion, and the partes are unable to re-settle the matter in light of the full financial disclosure, the Support Magistrate shall take testimony and make findings, conclusions and an order on a de novo basis; and it is further
ORDERED that if the matter is settled and there is a deviation with respect to basic child support, the Findings, Conclusions and Order must contain agreed case-specific facts with respect to the relevant factors purportedly justifying the deviation.
Dated: April , 2006
ENTER:
Rochester, NY ________________________________
[*4] MARILYN L. O'CONNOR,
 FAMILY COURT JUDGE
N
OTICE: Pursuant to section 1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest.
Mailed: Patricia M. Rivard, William D. Rivard, Kristine M. Demo-Vazquez, John T. Harris