■ CHARLES E. QUICK, Appellant-Respondent, v EDWARD QUICK, JR., et al., Respondents-Appellants. [953 NYS2d 271]—

In an action, inter alia, for a judgment declaring the parties' rights and obligations under a partnership agreement, the plaintiff appeals, as limited by his brief, from (1) stated portions of a decision of the Supreme Court, Orange County (Owen, R.), dated July 21, 2011, which, among other things, after a hearing, valued each defendant's respective interest in the subject partnership, at the time of dissolution, at $798,762, and (2) so much of a judgment of the same court (Alfieri, Jr., J.), dated September 8, 2011, as, upon the decision, is in favor of the defendants, respectively, and against him, each in the sum of $798,762, and the defendants cross-appeal, as limited by their brief, from so much of the same judgment as, in effect, determined that the defendant John Quick was not entitled to a reconstituted capital account in the subject partnership.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see *Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the cross appeal from the judgment by the defendant Edward Quick, Jr., is dismissed, as he is not aggrieved by the portion of the judgment cross-appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law and the facts, by reducing the amount awarded to each defendant from the sum of $798,762 to the sum of $652,758.34; as so modified, the judgment is affirmed insofar as appealed from and insofar as cross-appealed from by the defendant John Quick; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court did not improvidently exercise its discretion in using fair market value to determine the value of each defendant's interest in the subject partnership pursuant to Partnership Law § 69 (2). It is undisputed that the defendants wrongfully dissolved the subject partnership. The parties' partnership agreement did not limit the interest of a partner who wrongfully dissolved the partnership to book value (*see Burns v Burns*, 84 NY2d 369, 375 [1994]; *cf. Dignan v Dignan*, 156 AD2d 995, 996 [1989]), and book value is an accounting method that does not reflect the fair market value of an asset (*see e.g. Matter of National Bulk Carriers Inc. & Affiliates v New York City Tax Appeals Trib.*, 61 AD3d 522 [2009]; *Lapsley v Sorfin Intl., Ltd.*, 43 AD3d 1113 [2007]; *Heine v Heine*, 176 AD2d 77, 88 [1992]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in adopting the valuation of the defendants' expert as to the partnership's gold inventory at its fair market value. The book value of the gold advanced by the plaintiff was premised upon historical costs, which did not accurately reflect the increased market value of the gold.

However, we agree with the plaintiff that the Supreme Court should not have substituted its own determination for that of the parties' experts as to the fair market value of the partnership's equipment and machinery at the time of the partnership's dissolution based upon the court's personal inspection of the partnership's premises. In adjusting the book value of the partnership's machinery and equipment to reflect fair market value, the court added the sum of $700,000 to the stated book value of $37,311. Based upon the record before us, we agree with the court's implicit finding that the plaintiff's expert, unlike the defendants' expert, appropriately took into consideration such factors as the age of the subject equipment, the niche market served by the partnership's business, and the uncertainty of the business's continued tenancy at its location at the time of dissolution. In addition, the plaintiff's expert took into account the income stream of the business before arriving at a valuation method, and the fact that some equipment had been cannibalized for parts. Furthermore, unlike the defendants' expert, the plaintiff's expert had documentation to support all of his calculations. We therefore adopt the determination of the plaintiff's expert that the partnership's machinery and equipment had a maximum value of $299,300, representing an increase of $261,989 over the reported book value of $37,311. Substituting

the sum of $261,989 for the sum of $700,000 in the court's calculations (as the appropriate adjustment to the book value of the partnership's machinery and equipment needed to calculate the fair market value of those assets at the time of the partnership's dissolution) results in the determination that each defendant had an interest in the partnership at the time of dissolution in the sum of $652,758.34.

Finally, the Supreme Court did not improvidently exercise its discretion in concluding that the defendant John Quick was equitably estopped from claiming a reconstituted share in the partnership's distributions to partners up to the time of dissolution (see Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). The record establishes that John Quick ceased working for the partnership's business in 1993, at which time he began operating a separate business entity. The record further establishes that by approximately 1999, John Quick had withdrawn the sum total of his capital account from the partnership, and, until the time the instant action was commenced in 1997, he never expressed any interest or expectation in receiving further partnership distributions. Accordingly, the Supreme Court properly, in effect, determined that John Quick was not entitled to a reconstituted capital account in the partnership.

The plaintiff's remaining contentions are not properly before this Court. Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.