Thomson v Walsh & Hacker (2023 NY Slip Op 02727)

Thomson v Walsh & Hacker

2023 NY Slip Op 02727

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

535121
[*1]Robert Scott Thomson, Appellant,
v
Walsh and Hacker et al., Respondents.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Jennifer Thomas of counsel), for respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Richard M. Platkin, J.), entered March 3, 2022 in Albany County, which, among other things, granted defendants' motion to dismiss the complaint against defendant Walsh Hacker and Associates, LLP.
In 1989, plaintiff, an attorney, became a partner at a law firm, defendant Walsh and Hacker (hereinafter W & H), which operated as a general partnership without a written partnership agreement. Effective April 15, 2021, plaintiff's fellow law partners — defendants Glenn D. Chase, Peter J. Walsh, Jeffrey M. Fox, Sean F. Nicolette and Kelly B. Dean (hereinafter the individual defendants) — dissolved W & H, informing plaintiff of this fact by way of a notice of dissolution. On or about that same date, the individual defendants formed Walsh and Hacker & Associates, LLP (hereinafter WHA), a new partnership that did not include plaintiff. Plaintiff thereafter commenced the instant action for an accounting, conversion, constructive trust, unjust enrichment and breach of fiduciary duty. In addition to W & H and the individual defendants, plaintiff named "Walsh Hacker and Associates, LLP" as a defendant. Defendants filed a pre-answer motion to dismiss all of plaintiff's claims other than the claim for an accounting against W & H, which they requested be limited to the date of dissolution of April 15, 2021. As particularly relevant here, defendants sought dismissal of the complaint as against WHA on the grounds that it had been incorrectly named in the complaint and that plaintiff is not entitled to an accounting of WHA. Plaintiff opposed the motion and cross-moved to amend the complaint to properly name WHA as a defendant. Supreme Court granted defendants' motion and denied plaintiff's cross-motion, prompting this appeal by plaintiff.
Plaintiff contends that Supreme Court erred in dismissing his claim purporting to seek an accounting of WHA. We disagree. Under the Partnership Law, a partnership is dissolved when any partner ceases to be associated with it (see Partnership Law § 60), and that partner then "has a right to an immediate accounting as of the date of dissolution" (220-52 Assoc. v Edelman, 241 AD2d 365, 367 [1st Dept 1997] [internal citation omitted]; see Partnership Law § 74; Scholastic, Inc. v Harris, 259 F3d 73, 90 [2d Cir 2001]). It is not disputed that defendants have already provided plaintiff with an accounting of his interest in W & H, including any outstanding fees still owed to plaintiff, as of April 15, 2021, the date of dissolution. Nevertheless, plaintiff argues that he is entitled to an accounting of WHA as well, relying upon Partnership Law § 74, which states that a partner is entitled to an accounting "as against the winding up partners or the surviving partners or the person or partnership continuing the business" (Partnership Law § 74 [emphasis added]; see generally Ederer v Gursky, 9 NY3d 514, 525 [2007]; Dawson v White & Case, 88 NY2d 666, 670 [1996]). However, while plaintiff was entitled to the accounting [*2]of W & H, he has no right to a separate accounting of WHA, a firm in which he was never a partner and with which he has no confidential or fiduciary relationship (see Castellotti v Free, 138 AD3d 198, 210 [1st Dept 2016]; Goldberger v Rudnicki, 94 AD3d 1047, 1048 [2d Dept 2012]; Falk v 569 Broadway Assoc., 200 AD2d 535, 535 [1st Dept 1994]).[FN1]In light of the foregoing, plaintiff's sole remaining contention — that Supreme Court erred in denying his motion to amend the complaint to correctly name WHA as a defendant — has been rendered academic.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: This is not to suggest that plaintiff is foreclosed from seeking nonparty discovery from WHA of evidence that is material and necessary to his claims against W & H (see CPLR 3101 [a] [4]; see also JFK Family L.P. v Millbrae Nat. Gas Dev. Fund 2005, L.P., 132 AD3d 731, 733 [2d Dept 2015]; Rosenberg v Rosenberg, 119 AD2d 997, 997 [4th Dept 1986]).