■ MARY E. LANGDON, Respondent, v WILLIAM S. LANGDON, JR., Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), entered August 28, 1985, as awarded the plaintiff wife the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The trial court properly denied equitable distributive relief to the defendant husband under the clean hands doctrine, since Domestic Relations Law § 236 (B) (5) (d) (13) requires the court to do equity by considering "any other factor which the court shall expressly find to be just and proper" (cf., Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:14, at 236). That doctrine serves as a disability to the defendant husband because he admitted that in 1977 he had transferred the marital residence into the wife's sole ownership in order to avoid his creditors' claims to that residence. Furthermore, he avoided filing for bankruptcy until 1979 so that his creditors could not seek to have the transfer set aside. Clearly, his conduct with respect to the marital residence was immoral and wrongful and the trial court properly refused to permit the defendant husband to share in this asset as a matter of public policy in order to protect the integrity of the court (see, Farino v Farino, 88 AD2d 902).

We have considered the defendant's remaining contentions and find them to be equally without merit. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.