■ MILTA VASQUEZ, Appellant, v JORGE ZAMBRANO, Respondent, et al., Defendant. [602 NYS2d 29] —In an action, *inter alia,* for partition, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (McCabe, J.), entered October 15, 1990, as, after a nonjury trial, dismissed the complaint and granted the defendant Jorge Zambrano judgment on his first counterclaim to impose a constructive trust upon the plaintiff's interest in the house.

Ordered that the judgment is modified, on the law, by deleting the third and fourth decretal paragraphs thereof, and adding thereto a provision dismissing Jorge Zambrano's first counterclaim; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant Jorge Zambrano (hereinafter the defendant) defrauded a mortgage company by adding a third party to the contract of sale, the mortgage application, and the deed, in order to obtain a mortgage when purchasing a two-family house in Nassau County. After the closing, the parties then cohabited in the house for two years. The plaintiff vacated the house when the parties terminated their relationship. The plaintiff brought this action, seeking, *inter alia,* partition and sale of the house. In his first counterclaim, the defendant sought to have a constructive trust imposed upon the plaintiff's interest in the house. The Supreme Court dismissed the complaint and granted the defendant relief on this counterclaim.

Because both parties had unclean hands in connection with the purchase of this house, they are both barred from all equitable relief *(see, Ta Chun Wang v Chun Wong,* 163 AD2d 300, *lv denied* 77 NY2d 804, *cert denied* — US —, 111 S Ct 2893). Accordingly, the defendant's first counterclaim is dismissed. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.