■ TRACIE D. FLEITZ, Respondent, v STUART D. FLEITZ, Appellant. [606 NYS2d 825] —Weiss, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 19, 1992 in Madison County, upon a decision of the court.

The parties married in 1970 and have two children (born in 1974 and 1977). Defendant is a dentist who earned his degree prior to the marriage. At the time of trial plaintiff was 42 years old and defendant was 48 years old and both were in good health and active. Defendant, however, is totally disabled from the practice of dentistry solely due to the partial loss of his left thumb and left index finger in a hunting accident in 1982.

At issue on this appeal is Supreme Court's determination that the benefits being paid to defendant pursuant to two separate disability income insurance policies constituted marital property, and that plaintiff was entitled to one half of the $6,600 monthly benefit payments. Defendant contends that the benefits are compensation for personal injuries and thus separate property as defined by Domestic Relations Law § 236 (B) (1) (d).

It is undisputed that defendant suffered a bodily injury and the benefits from the two disability income policies are payable because defendant is disabled in his profession as a result

of the injury. By any standard definition, the accidental loss of a thumb and index finger is a personal injury *(see,* Insurance Law § 5102 [d]; Workers' Compensation Law § 2 [7]; 113 NY Jur 2d, Words and Phrases, § 290; Black's Law Dictionary 707 [5th ed 1979]). Damages for such a personal injury includes loss of future income as a result of related disabilities *(see,* Insurance Law §§ 5102, 5103, 5104; CPLR 4545 [c]). A review of the two disability income insurance policies reveals that the benefits payable to defendant are compensation for his personal injuries and, accordingly, clearly within the definition of separate property (Domestic Relations Law § 236 [B] [1] [d]). Domestic Relations Law § 236 (B) (1) (d) is clear in its language and leaves no ambiguity requiring interpretations. The definition makes no distinction between the economic and noneconomic (pain and suffering) elements of personal injury compensation *(see, Samaritano v Samaritano,* 172 AD2d 817; *Richmond v Richmond,* 144 AD2d 549, 551; *Rossi v Rossi,* 137 AD2d 590, 591), and we decline to create such a dichotomy.

We do not believe the monthly benefits from the insurance policies lose their status as separate property simply because the policy premiums were paid with marital income earned during the marriage *(see, McSparron v McSparron,* 190 AD2d 74, 81). Other forms of personal injury compensation such as workers' compensation benefits, Social Security disability, no-fault automobile injury benefits and disability pensions have similar origins *(see, Mylett v Mylett,* 163 AD2d 463) yet do not become marital property *(see, Dolan v Dolan,* 78 NY2d 463, 468). Unlike the disability pensions in *Dolan v Dolan (supra)* and *Mylett v Mylett (supra),* these accidental disability insurance benefits have no separate and distinct annuity or deferred compensation benefit elements unrelated to the personal injury disability.

As this Court's determination profoundly affects virtually every aspect of the judgment involving financial matters, the issues related to child support, maintenance and equitable distribution must be remitted to Supreme Court for further consideration. Pending the further order of Supreme Court, the current distributive award of the disability income benefits to plaintiff should be converted to temporary maintenance.

We find no merit in defendant's remaining contentions that do not pertain to the above items which require redetermination by Supreme Court. Defendant has no entitlement to retroactive child support because that relief was not sought in his pleading or after the children resided with him *(see, Culnan v Culnan,* 142 AD2d 805, 807-808, *lv dismissed* 73

NY2d 994; *Lobotsky v Lobotsky,* 122 AD2d 253, 255). Finally, we find no error in the court's valuation of marital property nor in its failure to assign credit for payments of marital debts by the parties or for voluntary payments made by defendant before the order for pendente lite maintenance.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing those decretal paragraphs therein related to child support, maintenance and equitable distribution; continue child support obligation on a temporary basis, convert the distributive award of defendant's disability income benefits to plaintiff into temporary maintenance and matter remitted to the Supreme Court for further consideration of all financial issues not inconsistent with this Court's decision; and, as so modified, affirmed.