■ FRANCES SOLOMON, Appellant, v LEONARD SOLOMON et al., Respondents. (Appeal No. 1.) [615 NYS2d 949] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting, pursuant to RPAPL 221, an order requiring the sheriff to eject plaintiff from the marital residence. Defendant Leonard Solomon (defendant) is not the record owner of the premises, and the judgment of divorce does not grant defendant exclusive possession of the premises nor does it direct plaintiff to vacate the premises. Thus, we reverse that order (appeal No. 3).

The court properly determined that disability insurance payments received by defendant following an automobile accident constitute compensation for personal injuries and are defendant's separate property (see, Fleitz v Fleitz, 200 AD2d 874). We reverse the judgment, however, insofar as it terminated an award of spousal maintenance as of a date some two months after trial (appeal No. 1). At the time of trial, plaintiff was 61 years of age and earned $4,000 annually as a substitute teacher. She had virtually no assets and there is no proof that she had an earning capacity exceeding her existing income or that she was otherwise employable. Further, plain-

tiff testified that she disrupted her education leading to a Master's Degree in order to assist in the care of defendant's elderly father, who resided in the marital residence. Defendant, on the other hand, failed to submit a financial statement of net worth reflecting his financial circumstances at the time of trial. He testified that his income from work-related sources is approximately $23,000, but did not reveal the amount of his disability insurance income or his income from other sources. Moreover, defendant testified that he had no idea what his expenses were, except to indicate that he paid $1,200 for the monthly rental of a Manhattan apartment. Although plaintiff's proof regarding those factors affecting maintenance is sparse, the record nevertheless is adequate for this Court to conclude that Supreme Court improperly exercised its discretion in terminating spousal maintenance two months after trial. Further, plaintiff should not be denied an appropriate award of maintenance solely by reason of the lack of candor of defendant concerning his financial circumstances. Because we cannot determine an appropriate award of maintenance on this record, we remit this matter for further proceedings relevant to that issue with a direction that the parties each submit a statement of net worth (see, 22 NYCRR 202.16 [a], [b]; subtit D, ch III, subch A) concerning their financial circumstances as of October 1991 and as of the time of the proceedings on remittal.

Lastly, we dismiss the appeal from the judgment (appeal No. 2). Plaintiff on appeal from the judgment seeks review only of an earlier order denying her motion for discovery. That order has not been submitted as part of the record, thereby precluding appellate review (cf., Matter of Guy v James, 122 AD2d 905, lv denied 68 NY2d 605). (Appeal from Judgment of Supreme Court, Nassau County, Robbins, J.— Maintenance.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.