■ Jeannie Ingram, Respondent-Appellant, v Daniel In-

GRAM, Appellant-Respondent. [617 NYS2d 361] —In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Fredman, J.), dated January 23, 1992, which, *inter alia,* awarded the plaintiff former wife $750 per week in spousal maintenance for a specified time period, $800 per week in child support for the parties' three infant children, 50% of the net proceeds from the sale of the marital residence, and 35% of certain other marital property, and the plaintiff former wife cross-appeals, as limited by her brief, on the ground of inadequacy, from stated portions of the judgment which, *inter alia,* awarded her maintenance and child support, awarded her only 35% of certain marital property, and awarded her only $45,000 in attorney's fees.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties to this matrimonial action married in 1975. During the ensuing 10 years, the former husband, a self-employed entertainer, was the sole wage-earner for the family, while the former wife performed the duties of wife and mother to the three children of the marriage. In January 1986 the plaintiff former wife commenced this action for divorce on the ground of cruel and inhuman treatment *(see,* Domestic Relations Law § 170 [1]). In January 1992, after a trial, the court granted her a divorce.

The judgment of divorce awarded her $750 in weekly spousal maintenance, until the earliest of the usual terminating events of death or remarriage, or until the parties' youngest child entered high school. Since the youngest child was 8½ years old when the court signed the judgment, the maintenance award could terminate in five or six years.

Contrary to the arguments of both parties, the durational limitation of the spousal maintenance award is appropriate under the circumstances of this case. In determining whether spousal maintenance should be permanent (lifetime) or durational, the courts consider such factors as the length of the marriage, the age, health, education, and employment experience of the recipient spouse, and whether there are young children at home *(see, e.g., De La Torre v De La Torre,* 183 AD2d 744; *Shoenfeld v Shoenfeld,* 168 AD2d 674, 675; *Scheer v Scheer,* 130 AD2d 479; *Eli v Eli,* 123 AD2d 819, 820; *Coffey v Coffey,* 119 AD2d 620, 623). At the time of the divorce, the

former wife, who was the recipient spouse, was approximately 40 years old and in good health. She had a college degree and some employment background in the business world, although the court recognized her need for retraining. The maintenance award of the Supreme Court provided her with ample time to obtain this retraining. Further, the amount of $750 per week was proper in light of the standard of living established by the parties during the marriage.

The judgment of divorce also awarded her $800 per week in child support for the parties' three children, or approximately $41,600 annually ($800 × 52 weeks). Although the judgment did not specifically mention the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) which had taken effect before the judgment was signed in January 1992, the record shows that the court properly applied the principles of those statutory provisions.

We have examined the remaining contentions raised by both parties and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.