■ CARL BULLARO, Respondent, v JUDITH BULLARO, Appellant. [648 NYS2d 46] —In an action for a divorce and ancillary relief, the defendant wife appeals from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated September 28, 1995, which, *inter alia,* awarded the plaintiff husband 50% of the value of the marital residence and 50% of the value of her pension.

Ordered that the order and judgment is modified, on the law, by deleting the third decretal paragraph thereof and substituting therefor a decretal paragraph denying the husband's application for equitable distribution of the marital residence; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court should have denied equitable distribution of the marital residence to the husband under the "clean hands" doctrine since Domestic Relations Law § 236 (B) (5) (d) (13) requires that the court do equity by considering "any other factor which the court shall expressly find to be just and proper". This doctrine precludes equitable distribution of the marital residence because the husband testified that on the advice of a "lawyer friend", he transferred the marital residence to the wife in 1983, in order to protect the property from his judgment creditors *(see, Langdon v Langdon,* 138 AD2d 358).

The wife's remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.