■ SHERRY GANN, Appellant, v MICHAEL GANN, Respondent. [649 NYS2d 154] —Judgment, Supreme Court, New York County (David Saxe, J.), entered April 5, 1995, which, after a nonjury trial, *inter alia*, awarded defendant husband, as his separate property, all payments received pursuant to his disability insurance policies, and awarded plaintiff wife, *inter alia*, $2,500 monthly maintenance retroactive to the commencement of the action and terminating one year from entry of judgment (*see,* 163 Misc 2d 345), unanimously affirmed, without costs.

The trial court correctly concluded that the proceeds of the defendant husband's disability insurance policies, whose premiums were paid by him from his separate funds, were his separate property since they constituted compensation for his personal injury (*see, Fleitz v Fleitz,* 200 AD2d 874, *lv dismissed* 84 NY2d 849, 85 NY2d 889; *Solomon v Solomon,* 206 AD2d 971) and did not have a deferred income component as in the case of disability pensions (*see, Dolan v Dolan,* 78 NY2d 463).

The court did not improvidently exercise its discretion in limiting the award of permanent maintenance in light of the brief duration of this childless marriage, receipt of a significant distributive award by plaintiff wife and her failure to reasonably explain her inability to procure employment or to avail herself of the opportunity for retraining afforded by the *pendente lite* award.

On the evidence presented, the trial court was entitled to conclude that the wife had dissipated or secreted the jewelry and furs whose value she had declared in her applications for

insurance, and therefore properly attributed the value of these assets to her in calculating the distributive award (*see,* Domestic Relations Law § 236 [B] [5] [d] [11], [12]; *Mattwell v Mattwell,* 194 AD2d 715, 718).

We have considered plaintiff wife's other contentions and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ. [*See,* 163 Misc 2d 345.]