◼ NANCY LOVE, Respondent, v CHRISTOPHER LOVE, Appellant. [673 NYS2d 175] —In an action for a divorce and ancillary

relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated January 27, 1997, which awarded the plaintiff wife maintenance, child support, and an attorney's fee, and denied him certain credits in the calculation of an award of equitable distribution.

Ordered that the judgment is modified, on the law, the facts and as an exercise of discretion in the interest of justice, by (1) deleting the provision thereof which awarded the plaintiff $25,000 as an attorney's fee, (2) deleting the provision thereof which awarded the plaintiff maintenance in the sum of $250 per week for a period of 11 years and substituting therefor a provision awarding her maintenance in the sum of $250 per week for a period of five years, and (3) deleting the provision thereof which denied the defendant credit for a business loan from marital funds and for car payments and substituting therefor a provision awarding him credit for one-half of the $17,779 loan made to the business from marital funds and the sum of $3,950 for car payments he made during the pendency of the action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an amended judgment accordingly.

We find that the $250 weekly maintenance award was supported by the evidence, but the 11-year duration of the award was excessive. The plaintiff is only 39 years old, has post-high school job training, enjoys good health and, although she has custody of three of the four children, all attend school full time and the youngest child is 10 years old. A durational limitation of five years will be adequate to give the plaintiff a reasonable period of time as well as an incentive to obtain employment and/or training, and become self-supporting (see, Timperio v Timperio, 232 AD2d 857; Ingram v Ingram, 208 AD2d 593; Parris v Parris, 136 AD2d 685). Further, the plaintiff received a substantial distributive award which will assist her in obtaining self-supporting status (see, Domestic Relations Law § 236 [B] [6] [a]; Miness v Miness, 229 AD2d 520; Gann v Gann, 233 AD2d 188).

The record does not support the court's finding that this litigation was protracted by the conduct of the defendant as well as the plaintiff. While many of the motions entertained by the court prior to trial were the defendant's, most of these motions were necessitated by the plaintiff's obstructionist and dilatory tactics (see, Nee v Nee, 240 AD2d 478; Kelly v Kelly, 223 AD2d 625). While an award of counsel fees is entrusted to the sound

discretion of the trial court (*see*, Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosette*, 70 NY2d 879; *O'Brien v O'Brien*, 66 NY2d 576), the equities of this case require that each party pay his or her own counsel fees.

Further, it was error for the court to fail to credit the defendant with one-half of the $17,779 loan made to the business from marital funds. The plaintiff received one-half of the value of the business, and therefore received one-half of the benefit of the loan. The defendant also should have been given credit for the sum of $3,950, representing car payments he made during the pendency of the action.

We have considered the appellant's remaining contentions and find them to be without merit. Santucci, J. P., Joy, Florio and McGinity, JJ., concur.