■ JEANNE LOVE, Respondent, v GERARD J. LOVE, Appellant. [676 NYS2d 208] —In a matrimonial action in which the parties were divorced by judgment entered February 13, 1997, the de-

fendant appeals from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered September 12, 1997, as, after a nonjury trial, directed him to pay maintenance to the plaintiff for a period of eight years: $4,200 per month for four years commencing July 1, 1997, and ending June 30, 2001, $4,000 per month for two years commencing July 1, 2001, and ending June 30, 2003, and $3,500 per month for two years commencing July 1, 2003, and ending June 30, 2005.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which directed the defendant to pay maintenance to the plaintiff for a period of eight years in the stated amounts and substituting therefor a provision directing the defendant to pay maintenance to the plaintiff for a period of five years: $4,200 per month for four years commencing July 1, 1997, and ending June 30, 2001, and $4,000 per month for one year commencing July 1, 2001, and ending June 30, 2002; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Upon our review of the record, we find that the amount of the monthly maintenance award was supported by the evidence but the eight-year duration of the award was excessive. The plaintiff is 43 years old, has three years of college education, has many years of experience as a bookkeeper, enjoys good health, and has no child-care responsibilities since the defendant was awarded custody of the parties' son. Maintenance payments for a period of five years will be adequate to give the plaintiff a reasonable period of time as well as an incentive to obtain employment or training and become self-supporting (*see, Timperio v Timperio*, 232 AD2d 857; *Ingram v Ingram*, 208 AD2d 593; *Parris v Parris*, 136 AD2d 685). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.