■ In the Matter of the Dissolution of Ashford Management Group, Inc. Kenneth C. Burnham, Appellant; Linda Romano et al., Respondents. [689 NYS2d 792] —Judgment unanimously affirmed without costs. Memorandum: Petitioner, the owner of a 37½% interest in respondent corporation, commenced this dissolution proceeding pursuant to Business Corporation Law § 1104-a (a) (1). The remaining shareholders elected to purchase his interest in the corporation pursuant to Business Corporation Law § 1118, and a trial was held to determine the fair value of the minority interest (*see, Matter of Seagroatt Floral Co.,* 78 NY2d 439, 444). At the conclusion of the trial, Supreme Court rejected the valuation of petitioner's expert as based upon an erroneous assumption concerning the gross management fees received by the corporation in 1990, and accepted the valuation of respondents' expert. Because Business Corporation Law § 1118 "offers no definition of fair value and no criteria by which a court is to determine price or other terms of the purchase * * * fair market value, being a question of fact, will depend upon the circumstances of each case; there is no single formula for mechanical application" (*Matter of Seagroatt Floral Co., supra,* at 445). " 'The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques' " (*Matter of Penepent Corp.* [appeal No. 11], 198 AD2d 782, 783, *lv denied* 83 NY2d 797, quoting *Matter of North Star Elec. Contr.—N. Y. C. Corp.,* 174 AD2d 373, 373-374, *lv denied* 79 NY2d 752). Petitioner's "contrary interpretations of fact and credibility do not warrant disturbing the court's

determinations" (*Matter of Penepent Corp., supra,* at 783). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Business Corporation Law.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.