■ LINDA COSTELLO, Respondent, v EDWARD COSTELLO, Appellant. [702 NYS2d 323] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated September 22, 1998, as equitably distributed his business and awarded the plaintiff wife maintenance until she reaches the age of 62, a period of 18 years.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion in the interest of justice, by (1) deleting from decretal paragraphs 10 (a), 10 (a) (i), and 10 (a) (ii) the sums of $183,708, $91,854, and $91,854, respectively, and substituting therefor the sums of $156,434, $78,217, and $78,217, respectively, and (2) deleting from the fourth decretal paragraph thereof the words "plaintiff attaining age 62" and substituting therefor the words "seven years from the date of this judgment"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court valued Costello Brothers Transport Corp., one of two closely held corporations through which the defendant and his brother operated an oil delivery business, by using an asset valuation method. Contrary to the defendant's contention, we find no error in the court's use of that valuation method (*see generally, Burns v Burns,* 84 NY2d 369; *Amodio v Amodio,* 70 NY2d 5; *Wilbur v Wilbur,* 116 AD2d 953). However, the assets of that corporation consisted of six vehicles which were between 2 and 12 years old at the time of trial. The Supreme Court erred in using the cost of the assets as reported in the corporate tax return without deducting the accumulated depreciation as stated in the same return. Deducting the accumulated depreciation, i.e., $136,436, from the cost value, i.e., $152,066, results in a net value of $15,630, with the defendant's one-half interest being $7,815. Consequently, the plaintiff's 40% distributive share of Costello Brothers Transport Corp. is $3,126 as opposed to $30,400. The distributive award to the plaintiff is modified accordingly.

Under the circumstances of this case, the award of maintenance to the plaintiff until she reaches age 62 was excessive. An award of maintenance for a period of seven years is ap-

propriate. While the parties were married for 20 years, the plaintiff was only 44 years old at the time of trial, enjoyed good health, and had several years of experience as an office manager and underwriter. At the time of trial she was employed part-time as a childcare provider/teacher assistant at a day care center. Although she had custody of the parties' three children, the children were 19, 17, and 14 years old at the time the judgment was entered and attended school full-time. Furthermore, the plaintiff's distributive award, even as reduced herein, is substantial, and she is also to receive one-half of the proceeds of the marital residence when it is sold. These sums, along with the maintenance award, will enable her to obtain retraining and/or full-time employment and become self-supporting within seven years (*see, Love v Love,* 250 AD2d 739; *Ingram v Ingram,* 208 AD2d 593).

The defendant's remaining contentions are without merit. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.