■ MARTON KLEPP, Appellant, v ANITA KLEPP, Respondent. [710 NYS2d 912] —In a matrimonial action in which the parties were divorced by a judgment dated March 29, 1972, the plaintiff former husband appeals from (1) an order of the Supreme Court, Westchester County (Scarpino, J.), entered February 9, 1999, which, *inter alia,* granted the former wife's motion for an increase in alimony to the sum of $900 per week, and (2) an order of the same court (Shapiro, J.), entered March 12, 1999, which ordered him to pay counsel fees in the amount of $19,634.

Ordered that the order entered February 9, 1999, is modified, on the facts and as a matter of discretion in the interest of justice, by deleting the provision thereof increasing alimony to the sum of $900 per week, and substituting therefor a provision increasing alimony to the sum of $750 per week; as so modified, the order is affirmed; and it is further,

Ordered that the order entered March 12, 1999, is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof ordering the former husband to pay counsel fees in the amount of $19,634, and substituting therefor a provision ordering him to pay counsel fees in the amount of $12,000; as so modified the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the appellant's contention, the former wife demonstrated her entitlement to an increase in alimony (*see, Matter of Hermans v Hermans,* 74 NY2d 876; *Cooper v Cooper,* 179 AD2d 1035). However, the amount awarded by the Supreme Court was excessive. Weekly alimony in the sum of $750 will enable the former wife to meet all of her demonstrated needs, pay off her tax arrears, and address her transportation problems. Similarly, while an award of counsel fees was warranted (*see,* Domestic Relations Law § 237 [b]; *see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879), the Supreme Court's award was excessive to the extent indicated. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.