■ EDWARD MICA, Respondent, v ELIZABETH MICA, Appellant. [714 NYS2d 217] —In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 4, 1998, which, upon a judgment of the same court (Bucaria, J.), entered October 9, 1998, referring the plaintiff husband's application for an attorney's fee for a hearing, and after a hearing, awarded the plaintiff an attorney's fee in the sum of $15,782.18.

■ EDWARD MICA, Respondent, v ELIZABETH MICA, Appellant. [713 NYS2d 545] —In an action for a divorce and ancillary relief, the defendant wife appeals from stated portions of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered October 9, 1998, which, after a nonjury trial, inter alia, (1) awarded maintenance to the plaintiff in the amount of $500 per month for a period of three years, (2) awarded the

plaintiff one-half of the gross redeemed value of the parties' United States Savings Bonds; (3) awarded the plaintiff the sum of $4,050 for his contribution to the renovation of the marital residence, and (4) failed to award her one-half of the value of the plaintiff's savings account at Crossland Savings Bank.

Ordered that the judgment is modified by deleting the second decretal paragraph thereof, which awarded the plaintiff maintenance; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

It is settled that "[t]he court may order maintenance in such amount as justice requires considering, *inter alia*, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret,* 222 AD2d 412; *see also,* Domestic Relations Law § 236 [B] [6] [a]).

Here, however, the Supreme Court improvidently exercised its discretion when it awarded maintenance to the plaintiff. The plaintiff is employed full-time in the same position that he held before and during the parties' marriage (*cf., Hogue v Hogue,* 225 AD2d 731; *Borra v Borra,* 218 AD2d 780). He is self-supporting (*cf., Love v Love,* 251 AD2d 631), and received a considerable liquid distributive award (*see, Vainchenker v Vainchenker,* 242 AD2d 620). While he contends that the manual labor inherent in his current position jeopardizes his health, he proffered no expert testimony concerning the nature of his limitations. Moreover, his health condition has existed since 1984 and the record belies that he has any physical limitations as he has continued to work in the same position, has worked substantial overtime, and continues to enjoy recreational jet skiing. In addition, the plaintiff has not taken any affirmative steps to retrain or educate himself for a different position (*cf., Marino v Marino,* 229 AD2d 971). Therefore, there is no basis to award the plaintiff maintenance.

Contrary to the defendant's contention, the Supreme Court properly denied equitable distribution of the plaintiff's savings account at Crossland Savings Bank as that account contained his share of the proceeds of an account which the parties had previously divided when they separated.

The Supreme Court also properly credited the plaintiff in the amount of $4,050 for his separate contribution to renovations on the marital residence prior to the marriage, since the defen-

dant also received a credit for her separate contribution towards the purchase of the marital residence.

The defendant contends that the plaintiff was only entitled to one-half of the net redeemed value of the parties' United States Savings Bonds rather than one-half of the gross redeemed value because she was required to pay taxes when she redeemed the bonds. The Supreme Court, however, properly awarded the plaintiff one-half of the gross redeemed value of the bonds. The defendant failed to proffer evidence of that tax liability and, accordingly, did not sustain her burden of establishing the taxes she incurred (*see generally, Richards v Richards,* 207 AD2d 628; *De La Torre v De La Torre,* 183 AD2d 744).

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.