■ SANDRA WALKER, Respondent, v STEPHEN WALKER, Appellant. [734 NYS2d 470] —In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered September 13, 1999, which, *inter alia,* after a nonjury trial, awarded custody of two of the parties' three minor children to the plaintiff, failed to retroactively reduce the pendente lite maintenance and child support awarded to the plaintiff, directed him to pay child support in the amount of $186.25 per week, and equitably distributed the parties' marital property.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Upon the exercise of our broad review powers in custody matters (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Lenczycki v Lenczycki,* 152 AD2d 621), we conclude that the custody determination is supported by a sound and substantial basis in the record, and we decline to disturb it (*see, Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

The defendant's primary contention with respect to the pendente lite awards was that they were excessive. However, he has made that argument to this Court on two previous appeals (*see, Walker v Walker,* 193 AD2d 730; *Walker v Walker,* 227 AD2d 469), and further consideration of his arguments is barred by the doctrine of law of the case (*see, Shroid Constr. v Dattoma,* 250 AD2d 590). To the extent that he argues that the Supreme Court erred in denying, in effect, his motion pursuant to Domestic Relations Law § 241 to suspend his support payments, the Supreme Court properly denied the motion as the plaintiff did not wrongfully interfere with his visitation rights (*see, Matter of Vanderhoff v Vanderhoff,* 207 AD2d 494; *Ginsberg v Ginsberg,* 164 AD2d 906; *Resnick v Zoldan,* 134 AD2d 246).

The defendant's contention that the Supreme Court improperly imputed income to him in determining his child support obligations is without merit. "In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Brown v Brown,* 239 AD2d 535; *see, Kay v Kay,* 37 NY2d 632; *Brodsky v Brodsky,* 214 AD2d 599). Here, the Supreme Court properly imputed an annual income of $50,000 to the defendant based on his own testimony and the facts adduced at trial.

Finally, the defendant contends that the Supreme Court erred when it did not impose a constructive trust on certain properties conveyed by him to the plaintiff during the marriage. However, the defendant testified that he conveyed the properties as part of a fraudulent scheme to hide them from his creditors. Accordingly, he forfeited his right to seek the equitable remedy of a constructive trust (*see, Vasquez v Zambrano,* 196 AD2d 840; *Ta Chun Wang v Chun Wong,* 163 AD2d 300, 302, *cert denied* 501 US 1252).

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.