■ KUMIKO HASEGAWA, Respondent-Appellant, v HIROYOSHI HASEGAWA, Appellant-Respondent. [736 NYS2d 398] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) a decision of the Supreme Court, Westchester County (Shapiro, J.), dated May 1, 2000, (2) an order of the same court, entered August 7, 2000, which denied his motion for renewal, and (3) stated portions of a judgment of the same court, dated October 16, 2000, which, inter alia, distributed the marital property in accordance with the decision dated May 1, 2000, and the plaintiff cross-appeals from so much of the judgment as, upon the denial of those branches of her cross motion which were for alleged arrears of pendente lite maintenance and child support, failed to award her arrears of pendente lite maintenance and child support.

Ordered that on the Court's own motion, the notice of cross appeal from so much of the order entered August 7, 2000, as denied those branches of the plaintiff's cross motion which were for arrears of pendente lite maintenance and child support is deemed *to be* a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for a judgment for arrears of pendente lite child support; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the defendant's application for downward modification of pendente lite child support, and a new determination with re-

spect to that branch of the plaintiff's cross motion which was for a judgment for arrears of pendente lite child support; and it is further,

Ordered that the order entered August 7, 2000, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because no appeal lies from an order denying renewal of a decision (*see, DeFalco v JRS Confectionary,* 118 AD2d 752, 753). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In defiance of a temporary restraining order, the defendant transferred his New York business, Manshion Joho Center, Inc. (hereafter the New York business), which included title to the marital residence, to third parties. The evidence conclusively established through a tape-recorded conversation that the defendant transferred these marital assets to evade the plaintiff's claims to equitable distribution. The plaintiff joined those third parties as codefendants in the instant action (*see, Friedman v Friedman,* 125 AD2d 539), and served an amended verified complaint asserting an additional cause of action to set aside the fraudulent conveyance. The plaintiff reached a settlement with the other defendants in open court. The judgment of divorce deemed that settlement the plaintiff's "separate property," which represented her "equitable interest" in former marital property.

The plaintiff's cause of action to set aside the fraudulent conveyance accrued after the commencement of the divorce action. Consequently, the settlement may be deemed her separate property (*see,* Domestic Relations Law § 236 [B] [1] [c]; *Diener v Diener,* 281 AD2d 385; *Stempler v Stempler,* 200 AD2d 733). The defendant, who admitted taking part in the transfer notwithstanding the temporary restraining order, and with the admitted purpose of preventing the plaintiff from obtaining equitable distribution of marital property, may not obtain equitable relief with unclean hands (*see, Pattison v Pattison,* 301 NY 65; *Lagonegro v Lagonegro,* 187 AD2d 490, 491; *Ta Chun Wang v Chun Wong,* 163 AD2d 300, *cert denied* 501 US 1252). Furthermore, the court properly considered economic fault, in the form of dissipation or secretion of marital assets, in holding that the settlement represented the plaintiff's equitable interest in former marital property (*see,* Domestic Relations Law § 236 [B] [5] [d] [11]; *Coleman v Coleman,* 284 AD2d 426; *Walasek v Walasek,* 243 AD2d 851, 854; *Bullaro v Bullaro,* 231

AD2d 666; *Guneratne v Guneratne,* 214 AD2d 871; *Conceicao v Conceicao,* 203 AD2d 877; *Mattwell v Mattwell,* 194 AD2d 715, 718; *Contino v Contino,* 140 AD2d 662; *Blickstein v Blickstein,* 99 AD2d 287).

The Supreme Court denied the plaintiff's application for alleged arrears of pendente lite child support, noting that "decision had been deferred" on the defendant's motion for downward modification of that obligation. However, courts have no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation (*see,* Domestic Relations Law § 236 [B] [9] [b]; *Matter of O'Connor v Curcio,* 281 AD2d 100, 104). The determination with respect to arrears of pendente lite child support must be set aside, and the matter remitted to the Supreme Court, Westchester County, for a determination with respect to the application for downward modification of pendente lite child support, and a calculation of any arrears of pendente lite child support accruing before the application for downward modification, and subsequent thereto, based upon the determination of the court of the application for downward modification.

The parties' remaining contentions are without merit. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.