■ Adilia Meza, Appellant, v Marco Meza, Respondent. [743 NYS2d 122] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a

judgment of the Supreme Court, Nassau County (Palmieri, J.), entered January 12, 2001, as (1) in effect, awarded her only 25% of the value of the defendant's interest in C & M Knitting Mill, Inc., (2) in effect, awarded her only 25% of the defendant's share in his 1997 profit sharing plan from C & M Knitting Mill, Inc., and declined to award her any portion of the defendant's share of the 1998 profit sharing plan of C & M Knitting Mill, Inc., (3) awarded her only 25% of the value of the parties' Jamaica Estates home, (4), in effect, determined that a Georgia condominium was not marital property and denied her any portion of the value of that asset, (5) awarded her an attorney's fee in the sum of only $3,850, (6) awarded her the sum of $225,127.41 as her distributive share of the marital assets, and (7) awarded her $61,064.07 as her net distributive award.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the provision thereof, in effect, awarding the plaintiff 25% of the value of the defendant's interest in C & M Knitting Mill, Inc., and substituting therefor a provision awarding her 50% of the value of the defendant's interest in C & M Knitting Mill, Inc., (2) deleting the provision thereof, in effect, awarding the plaintiff 25% of the defendant's share in his 1997 profit sharing plan from C & M Knitting Mill, Inc., and substituting therefor a provision awarding the plaintiff 50% of the defendant's share in his 1997 profit sharing plan from C & M Knitting Mill, Inc., (3) deleting the provision awarding the plaintiff the sum of $225,127.41 as her distributive share of the marital assets and substituting therefor a provision awarding her the sum of $330,127.41 as her distributive share, and (4) deleting the provision awarding the plaintiff the sum of $61,064.07 as her net distributive award and substituting therefor a provision awarding the sum of $166,064.07 as her net distributive award; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The division of marital assets in marriages of long duration in which the parties each contributed equally, as in the present case, should be as equal as possible (*see* Domestic Relations Law § 236 [B] [1]; *Aronne v Aronne,* 275 AD2d 755; *Miller v Miller,* 128 AD2d 844; *Neumark v Neumark,* 120 AD2d 502; *Maloney v Maloney,* 137 AD2d 666). Accordingly, we find that the Supreme Court should have awarded the plaintiff 50% of the value of the defendant's interest in C & M Knitting Mill,

Inc., and 50% of the value of the defendant's share in his 1997 profit sharing plan from C & M Knitting Mill, Inc.

However, the Supreme Court providently exercised its discretion in declining to award the plaintiff an equitable distribution of the condominium in Georgia, because there was insufficient evidence adduced at the trial to conclude that it was a marital asset subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c], [d]). The Supreme Court's award of an attorney's fee of $3,850 to the plaintiff was a provident exercise of discretion (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The plaintiff's remaining contentions are without merit. Florio, J.P., Smith, McGinity and Crane, JJ., concur.