■ DEBBIE G. KLEIN, Respondent-Appellant, v FREDERICK N. KLEIN, Appellant-Respondent. [745 NYS2d 569] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Franco, J.), dated March 30, 2001, which, after a nonjury trial, inter alia, failed to determine the value of his shares of stock in Burlen Corporation, failed to apply appropriate credits in determining equitable distribution of marital property, failed to credit him for pendente lite support payments, denied his motion for a downward modification of

support, and awarded the plaintiff $75,000 in counsel fees, and the plaintiff cross-appeals from so much of the same judgment as awarded her maintenance only for a period of five years, denied her application for a distributive award of the defendant's shares in Burlen Corporation, failed to award her interest on the judgment, and awarded her only $75,000 in counsel fees.

Ordered that the judgment is modified, on the law, by (1) deleting from the fourth decretal paragraph thereof the words "a period of five years, i.e., 260 weekly payments, with the last payment ending the week of June 30, 2005," and substituting therefor the words "a period of 15 years, i.e., 780 weekly payments, with last payment ending the week of June 30, 2015," (2) deleting from the 16th decretal paragraph thereof all references to valuation of the Burlen Corporation stock and substituting thereof a provision awarding the plaintiff a distributive award from the Burlen Corporation stock in the sum of $750,000, from which the sum of $180,000 is deducted representing the defendant's interest in the marital residence, with post judgment interest accruing at 9% per annum; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and the defendant were married on June 27, 1982, and have three children. The plaintiff commenced this action for a divorce and ancillary relief on January 16, 1996. By order dated March 22, 1996, the Supreme Court granted the plaintiff's application for pendente lite relief and directed the defendant to pay, inter alia, maintenance and child support, utilities on the marital residence, and unreimbursed health care expenses and automobile expenses to the plaintiff. Throughout the marriage, and up until several months prior to the commencement of trial, the defendant was employed by Burlen Corporation (hereinafter Burlen), a closely-held family-owned business based in the state of Georgia.

We find that the shares of Burlen purchased through the defendant's dividend payments pursuant to the 1994 Stock Purchase Agreement are marital property subject to distribution, as is the appreciation of the shares of stock which were gifted to the defendant prior to his marriage (see Hartog v Hartog, 85 NY2d 36, 45; Majauskas v Majauskas, 61 NY2d 481, 492; Wahl v Wahl, 277 AD2d 445, 446; Greenwald v Greenwald, 164 AD2d 706; but see Feldman v Feldman, 194 AD2d 207; Shahidi v Shahidi, 129 AD2d 627). Accordingly, the plaintiff is awarded a distributive share of the Burlen stock in the amount of $750,000. However, because the parties stipu-

lated that the defendant was entitled to a credit for the value of the marital residence, the defendant shall be credited $180,000 from the $750,000 distributive award (*see* Domestic Relations Law § 236 [B] [5] [e]; *Granade-Bastuck v Bastuck,* 249 AD2d 444; *Maddalena v Maddalena,* 217 AD2d 606). The plaintiff is entitled to interest accruing at the amount of 9% per annum on the resulting money judgment (*see* CPLR 5003, 5004; *Gold v Gold,* 276 AD2d 590, 591; *Purpura v Purpura,* 261 AD2d 595; *Walker v Walker,* 255 AD2d 375; *Selinger v Selinger,* 232 AD2d 471).

The award of $1,000 per week to the plaintiff as maintenance was an appropriate exercise of the Supreme Court's discretion. However, in light of the documented learning disabilities and emotional disturbances of the parties' three minor children, as well as the evidence that the plaintiff takes an active role in their schooling, homework, and after-school activities, the award of maintenance should be for 15 years to allow the children to reach 18 years of age and provide the plaintiff time to acquire appropriate job skills (*see Sheridan v Sperber,* 269 AD2d 439, 440; *Ingram v Ingram,* 208 AD2d 593; *cf. Costello v Costello,* 268 AD2d 403).

The Supreme Court credited the defendant with certain payments of maintenance and child support made pursuant to the pendente lite order. To the extent that additional payments for the upkeep of the marital residence, unreimbursed medical expenses, and automobile expenses can be allocated to child support or maintenance, the defendant is entitled to a credit for these payments (*see Crane v Crane,* 264 AD2d 749, 752; *Mellen v Mellen,* 260 AD2d 609).

In light of the disparity in income between the parties and the defendant's delaying tactics which unnecessarily prolonged the litigation, the Supreme Court properly ordered the defendant to pay the plaintiff's counsel fees in the amount of $75,000 (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Krutyansky v Krutyansky,* 289 AD2d 299; *Gagstetter v Gagstetter,* 283 AD2d 393).

The parties' remaining contentions are without merit. Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.