■ ROBERT PALESTRA, Appellant, v DENISE PALESTRA, Respondent. [751 NYS2d 509] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Yancey, J.), dated October 15, 2001, as directed him to pay to the defendant nondurational maintenance in the sum of $300 per week, retroactive to June 5, 2000, and $10,000 in counsel fees to the defendant's attorney.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by deleting the provision thereof directing the plaintiff to pay nondurational maintenance in the sum of $300 per week, retroactive to June 5, 2000, and substituting therefor a provision directing the plaintiff to pay maintenance in the sum of $300 per week, retroactive to

June 5, 2000, to the defendant for a period of three years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff argues, inter alia, that the Supreme Court improvidently exercised its discretion in awarding the defendant nondurational maintenance. We agree. "Maintenance is designed to give the spouse economic independence (*see, O'Brien v O'Brien,* 66 NY2d 576, 585), and should continue only as long as is required to render the recipient self-supporting (*see Granade-Bastuck v Bastuck,* 249 AD2d 444)" (*Schenfeld v Schenfeld,* 289 AD2d 219, 220). Here, the defendant was 35 years old at the time of trial, has no child-care responsibilities, has many years of experience as a bookkeeper, and, as found by the Supreme Court, "did not reduce or lose lifetime earning capacity as a result of having foregone or delayed education, training, employment, or career opportunities during the marriage." Further, although she presently receives Social Security disability benefits, there was overwhelming evidence at trial that the plaintiff presently works and receives off-the-books compensation. Therefore, we conclude that a durational limitation of three years is adequate to give the plaintiff a reasonable period of time as well as an incentive to obtain employment and/or training, and become self-supporting (*see Love v Love,* 251 AD2d 631, 632; *Love v Love,* 250 AD2d 739, 740; *Timperio v Timperio,* 232 AD2d 857, 860; *Ingram v Ingram,* 208 AD2d 593).

The Supreme Court providently exercised its discretion in directing the plaintiff to pay $10,000 in counsel fees to the defendant's attorney (*see* Domestic Relations Law § 237 [b]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Meza v Meza,* 294 AD2d 414; *Barone v Barone,* 292 AD2d 481).

The plaintiff's remaining contention is without merit. Friedmann, J.P., H. Miller, Cozier and Mastro, JJ., concur.