■ Varghese David, Appellant, v Mary Pillai, Respondent. [757 NYS2d 326] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated January 8, 2002, as denied equitable distribution of certain marital property and denied him an additional credit of $10,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married on October 3, 1995, in Queens. In March and November 1997 the defendant purchased two properties in Queens. The deeds and mortgages to both properties were in the defendant's name. The parties lived together until June 1998, and in March 1999 the plaintiff began the instant divorce proceedings. The defendant counterclaimed for the declaration of a void marriage, alleging that unbeknownst to her, the plaintiff had remained married to a first wife who lived in India with the children of that first marriage.

The Supreme Court declared the parties' marriage void ab initio. Subsequently, the court determined equitable distribution, and directed the defendant to reimburse the plaintiff the sum of $20,800, reflecting his contribution to the real property purchased during the purported marriage. The court denied further equitable distribution to the plaintiff due to his bad faith.

Equitable distribution is available in circumstances where a marriage is declared void ab initio (see Domestic Relations Law § 236 [B] [5] [a]; DeLyra v DeLyra, 74 NY2d 872, 873 [1989]; Brandt v Brandt, 149 AD2d 646 [1989]). When the division of marital property is, on the record as a whole, fair and appropriate, it should not be disturbed (see Nolan v Nolan, 107 AD2d 190, 192 [1985]; Alford v Alford, 104 AD2d 390, 391 [1984]). In this case, the division of marital property was on the whole fair and appropriate (see Domestic Relations Law § 236 [B] [5] [d] [13]; Penal Law § 255.15; Bullaro v Bullaro, 231 AD2d 666 [1996]; Langdon v Langdon, 138 AD2d 358 [1988]).

The plaintiff's remaining contention is without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.