■ JOAN GRAVES, Respondent, v HOWARD GRAVES, Appellant. [763 NYS2d 774] —In an action for equitable distribution of marital assets following a foreign divorce, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Maltese, J.), dated February 26, 2002, which, after a nonjury trial, inter alia, (1) determined that he dissipated marital assets, (2) awarded the plaintiff 50% of the marital portion of his nondisability pension benefits, (3) directed him to purchase a life insurance policy naming the plaintiff as the sole beneficiary, (4) awarded the plaintiff durational maintenance, and (5) awarded the plaintiff an attorney's fee in the sum of $6,890.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting the fifth and tenth decretal paragraphs thereof, (2) deleting from the eleventh decretal paragraph thereof the words "15 years," and substituting therefor the words "five years," (3) adding to the twelfth decretal paragraph thereof the words "and the parties shall equally divide the cost of said life insurance policy" after the words "for fifteen years," (4) deleting from the thirteenth decretal paragraph thereof (a) the sum of "$128.23" and substituting therefor the sum of "$64.12," (b) the words "162 months" and substituting therefor the words "15 years," and (c) the words "taking into account defendant's credit of $2,271.46," (5) deleting from the fourteenth and fifteenth decretal paragraphs thereof the sum of "$128.23" and substituting therefor the sum of "$64.12," and (6) deleting from the fifteenth decretal paragraph thereof the words "162nd payment" and substituting therefor the words "180th payment,"

and (7) deleting from the seventeenth decretal paragraph thereof the sum of "$6,890.00," and substituting therefor the sum of "$3,000"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties to this matrimonial action were married in June 1979. They had one child, who was emancipated at the time of trial. In 1986 they purchased the marital residence, but they have lived separate and apart since 1989, when the plaintiff obtained a temporary order of protection barring the defendant from the marital residence. In or about 1993, the defendant retired from the New York City Police Department on a partial disability pension. In or about June 1998, he moved to Florida, and one year later he obtained a judgment of divorce which made no provision for the distribution of marital property. Thereafter, the plaintiff commenced the instant action in Supreme Court, Richmond County, for, inter alia, equitable distribution of marital property.

After a nonjury trial, the court, inter alia, awarded each party 50% of the equity in the marital residence. However, it also gave the plaintiff certain credits against the defendant's equity in that residence. Insofar as relevant to the instant appeal, it awarded the plaintiff a credit of $39,904.46, after finding that the defendant's refusal to refinance the mortgage on the marital residence in 1991 constituted dissipation of marital assets, that amount being the amount which the parties would have saved had they refinanced. Additionally, the court ordered the defendant to pay the plaintiff maintenance in the sum of $100 per month for a period of 15 years, and awarded the plaintiff 50% of the marital portion of the nondisability portion of the defendant's pension. Because payment of his pension will terminate at his death, the court also ordered him to purchase and pay for a life insurance policy in the sum of $125,000 for a period of 15 years naming the plaintiff as the sole beneficiary. It also awarded the plaintiff an attorney's fee in the sum of $6,890.

Although "the wasteful dissipation of [marital] assets by either spouse is one of the factors which may be considered in determining equitable distribution of marital property" (*O'Sullivan v O'Sullivan*, 247 AD2d 597 [1998]; *see* Domestic Relations Law § 236 [B] [5] [d] [11]), we agree with the defendant that his refusal in 1991 to refinance the mortgage on the marital residence, without more, did not constitute dissipation of marital assets (*cf. Gonzalez v Gonzalez*, 291 AD2d 373 [2002]; *Grunfeld v Grunfeld*, 255 AD2d 12 [1999]; *Harbour v Harbour*, 227 AD2d 882 [1996]). However, his contention that the trial

court erred in awarding the plaintiff 50% of the value of the marital portion of his nondisability pension benefits is without merit (*see generally Dolan v Dolan,* 78 NY2d 463 [1991]; *Majauskas v Majauskas,* 61 NY2d 481 [1984]). In a marriage of long duration in which the parties each contributed equally, such as in the instant case, the division of marital assets should be as equal as possible (*see Meza v Meza,* 294 AD2d 414 [2002]; *Miller v Miller,* 128 AD2d 844 [1987]; *Neumark v Neumark,* 120 AD2d 502 [1986]).

In light of the manner in which the defendant elected to receive his pension (i.e., failing to name the plaintiff as an alternative beneficiary), the Supreme Court also providently exercised its discretion in ordering the defendant to purchase a life insurance policy naming the plaintiff as the sole beneficiary. However, since the both parties will receive increased payments during the defendant's lifetime due to the defendant's election, we conclude that the cost of the life insurance policy should be borne equally.

Although the Supreme Court properly awarded the plaintiff maintenance, under the facts of this case, we conclude that the duration of the award, 15 years, was excessive, and should be reduced to five years. Although the parties were married for 20 years, the plaintiff had been receiving temporary maintenance of $400 per month since 1997, was working full-time, and she will receive a portion of the defendant's pension. Furthermore, she has no child care responsibilities (*see Palestra v Palestra,* 300 AD2d 288, 289 [2002]; *Costello v Costello,* 268 AD2d 403, 403-404 [2000]; *Love v Love,* 251 AD2d 631, 632 [1998]; *Love v Love,* 250 AD2d 739, 740 [1998]).

The Supreme Court properly awarded the plaintiff an attorney's fee, but we find that the amount awarded was excessive to the extent indicated (*see Klepp v Klepp,* 273 AD2d 358 [2000]).

The defendant's remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.