■ DEBBIE BERNSTEIN, Respondent-Appellant, v DREW BERNSTEIN, Appellant-Respondent. [795 NYS2d 733]—

In an action for a divorce and ancillary relief, (1) the defendant appeals (a), as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Falanga, J.), dated November 20, 2003, as, after a nonjury trial, determined that the proceeds of the plaintiff's disability insurance policy were her separate property, determined the value of a business entity known as Intuitions, LLC, imputed income to him and failed to impute additional income to the plaintiff for the purpose of computing child support, equitably distributed certain marital property, and directed him to pay child support for the parties' oldest child, and (b) from a qualified domestic relations order of the same court also dated November 20, 2003, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as equitably distributed the marital residence, directed her to pay child support for the parties' two youngest children, and failed to award her maintenance, counsel fees, or expert fees.

Ordered that the appeal from the qualified domestic relations order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

No appeal lies as of right from a qualified domestic relations

order that merely implements those portions of the judgment of divorce awarding one spouse an interest in the marital portion of the other spouse's retirement pension (*see Gormley v Gormley*, 238 AD2d 545 [1997]).

The Supreme Court properly determined that the proceeds of the plaintiff's disability policy were the plaintiff's separate property (*see* Domestic Relations Law § 236 [B] [1] [d]; *Gann v Gann*, 233 AD2d 188 [1996]; *Fleitz v Fleitz*, 200 AD2d 874 [1994]; *Solomon v Solomon*, 206 AD2d 971 [1994]).

The determination of the value of business interests is a function properly within the fact-finding power of the court (*see Amodio v Amodio*, 70 NY2d 5 [1987]; *Costello v Costello*, 268 AD2d 403 [2000]; *Miness v Miness*, 229 AD2d 520 [1996]). The Supreme Court's valuation of the defendant's business interests relied on the documentary evidence submitted and the testimony of the witnesses. As such, the valuation was within the province of the court as factfinder (*see Matter of Ashford Mgt. Group*, 261 AD2d 863 [1999]).

For the purpose of determining child support, the Supreme Court properly imputed income to both parties based on their past income and earning potential (*see Hwang v Hwang*, 308 AD2d 560 [2003]; *Ivani v Ivani*, 303 AD2d 639 [2003]; *Walker v Walker*, 289 AD2d 225 [2001]; *Brown v Brown*, 239 AD2d 535 [1997]). The Supreme Court properly denied the plaintiff's request for maintenance (*see Gainey v Gainey*, 303 AD2d 628 [2003]; *Kornfeld v Kornfeld*, 224 AD2d 620 [1996]), and the record does not support the defendant's request to be relieved of his child support obligation for the parties' oldest child (*cf. Fortunato v Fortunato*, 242 AD2d 720 [1997]).

Where jointly-held property is transferred for the purpose of defrauding creditors, the transferor may not then share in the value of the transferred asset for purposes of equitable distribution (*see Bullaro v Bullaro*, 231 AD2d 666 [1996]; *Langdon v Langdon*, 138 AD2d 358 [1988]; *see also Hasegawa v Hasegawa*, 290 AD2d 488 [2002]). Nevertheless, where the plaintiff expressly acknowledged that she knowingly encouraged and benefitted from the transfer, the asset properly was subject to equitable distribution to the defendant (*see Vasquez v Zambrano*, 196 AD2d 840 [1993]; *see also Walker v Walker, supra*).

When the division of marital property is fair and equitable, on the record as a whole, it should not be disturbed (*see David v Pillai*, 303 AD2d 708 [2003]). In light of the custody determination and the parties' income, health, present income, and potential for future earnings, the Supreme Court properly considered the competing factors in fashioning the distribution of marital property.

The parties' remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.