■ BARBARA DADDINO, Appellant-Respondent, v FRANK DADDINO, Respondent-Appellant. [830 NYS2d 278]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered November 8,

2004, as, after a nonjury trial and upon a decision of the same court dated June 15, 2004, awarded her maintenance in the sum of only $500 per week until the defendant retires or reaches the age of 66, whichever occurs later, valued the defendant's 50% interest in Delcon Systems, Inc., at the sum of only $880,000, awarded her only 40% of the defendant's interest in Delcon Systems, Inc., and an attorney's fee in the sum of only $10,000, and the defendant cross-appeals, as limited by his brief, from so much of the same judgment as awarded the plaintiff maintenance, 40% of his interest in Delcon Systems, Inc., and an attorney's fee. Justice Crane has been substituted for former Justice Adams (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The determination of the value of business interests is a function properly within the fact-finding power of the court (*see Amodio v Amodio*, 70 NY2d 5 [1987]; *Costello v Costello*, 268 AD2d 403 [2000]; *Miness v Miness*, 229 AD2d 520 [1996]). Here, inasmuch as the Supreme Court's valuation of the defendant's business interests relied on the yearly valuations made pursuant to the shareholders' agreement between the defendant and his brother, and the testimony of the witnesses, it was proper (*see Bernstein v Bernstein*, 18 AD3d 683, 684 [2005]; *Matter of Ashford Mgt. Group*, 261 AD2d 863).

The record supports the Supreme Court's determination that the plaintiff was entitled to a 40% share of the husband's interest in Delcon Systems, Inc., in light of her contributions to the business, and her contributions as a spouse, homemaker, and parent (*see Felicello v Felicello*, 240 AD2d 624, 625 [1997]).

The award of an attorney's fee in the sum of $10,000 is supported by the record (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *D'Amato v D'Amato*, 198 AD2d 255 [1993]; *Hackett v Hackett*, 147 AD2d 611 [1989]; *Sadofsky v Sadofsky*, 78 AD2d 520 [1980]).

The parties' remaining contentions are without merit. Schmidt, J.P., Crane, Skelos and Covello, JJ., concur.