■ LINDA MASELLA, Respondent, v DOMINICK MASELLA, Appellant. [889 NYS2d 80]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated November 20, 2008, as denied those branches of his motion which were to determine that the proceeds of his disability insurance policies and his Social Security disability benefits, as well as the marital residence, are his separate property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were to determine that the proceeds of his disability insurance policies and his Social Security disability benefits, as well as the marital residence, are his separate property, are granted.

Despite the plaintiff's contentions to the contrary, the proceeds of the defendant's disability insurance policies are his separate property (*see* Domestic Relations Law § 236 [B] [1] [d]; *Bernstein v Bernstein*, 18 AD3d 683, 684 [2005]; *Gann v Gann*, 233 AD2d 188 [1996]; *Fleitz v Fleitz*, 200 AD2d 874 [1994]; *Solomon v Solomon*, 206 AD2d 971 [1994]). Similarly, the proceeds of the defendant's Social Security disability benefits also are his separate property, and are not subject to equitable distribution (*see Wallach v Wallach*, 37 AD3d 707, 709 [2007]; *Principe v Principe*, 229 AD2d 522, 523 [1996]; *Fleitz v Fleitz*, 200 AD2d 874 [1994]). At trial, the plaintiff may present her claim that the defendant commingled his various separate funds with marital funds. The defendant may seek to rebut the presumption that any commingled funds became marital property by tracing out the source of the funds with sufficient particularity (*see Massimi v Massimi*, 35 AD3d 400, 402 [2006]; *Wade v Steinfeld*, 15 AD3d 390, 391 [2005]).

Moreover, on appeal, the plaintiff, in effect, correctly concedes that the marital residence is the defendant's separate property (*see Kilkenny v Kilkenny*, 54 AD3d 816, 818 [2008]). The contributions of a spouse to renovations of a home owned separately by the other spouse does not transform the house into marital property (*see Embury v Embury*, 49 AD3d 802, 804 [2008]). Both parties correctly contend that the issue of the alleged marital nature of any appreciation during the marriage in the value of the marital residence remains to be resolved at trial (*see Kilkenny v Kilkenny*, 54 AD3d at 818-819; *Guskin v Guskin*, 18 AD3d 814, 815 [2005]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.